UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PACUAL ECOQUIJ-TZEP, and all others similarly situated under 29 U.S.C. 216 (b), Plaintiff, § § § § § | |
| v. § § | Cause No. |
| HAWAIIAN GRILL a/k/a MW HAWAIIAN GRILL Defendant. § § § § | |

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS**

Plaintiff, PACUAL ECOQUIJ-TZEP, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendant HAWAIIAN GRILL a/k/a MW HAWAIIAN GRILL and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff resides in Dallas County, Texas.

3. The Defendant HAWAIIAN GRILL a/k/a MW HAWAIIAN GRILL (the "Defendant Company") is a company that regularly transacts business within the Northern District of Texas. Upon information and belief, the Defendant Company was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. Acts or omissions giving rise to this dispute took place in the Northern District of Texas.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

5. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(B). It is believed that the Defendant has employed other similarly situated employees like the Plaintiff who have not been paid minimum wages

and/or overtime for work performed in excess of 40 hours weekly from the filing of this complaint back at least three years.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

7. 29 U.S.C. § 207(a)(1) states, in pertinent part, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

8. Plaintiff, PACUAL ECOQUIJ-TZEP, worked for Defendant as a cashier and server from on or about December 3, 2014 through on or about January 25, 2016.

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

10. Upon information and belief, the Defendant Company had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, 2014, and 2015.

11. Upon information and belief, the Defendant Company's sales or business done is expected to

exceed $500,000 for the year 2016.

12. Furthermore, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's businesses an enterprise covered under the Fair Labor Standards Act.

13. From on or about December 3, 2014 through on or about January 25, 2016, Plaintiff, PACUAL ECOQUIJ-TZEP, worked an average of 70 hours a week and was paid an average hourly rate of $6.00 per hour but was not paid the extra half-time rate for any overtime hours worked above 40 hours as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate, based on the applicable Federal Minimum Wage rate of $7.25 per hour, for each overtime hour worked.

14. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-14 above and further states:

15. 29 U.S.C. § 206(a)(1) states, in pertinent part, "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

16. From on or about December 3, 2014 through on or about January 25, 2016, Plaintiff worked an average of 70 hours per week for the Defendant.  Plaintiff was paid an average hourly rate of $6.00 per hour for said work in violation of the Fair Labor Standards Act as said payment of $6.00 per hour did not meet the applicable Federal Minimum Wage required for said period of time.  Therefore, Plaintiff claims the difference between his average hourly rate of $6.00 per hour and the applicable minimum wage of rate of $7.25 per hour for all hours worked.

17. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendant pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time

of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

        Respectfully submitted,

By: /s/ Robert Manteuffel
    J.H. Zidell, Esq.
    Texas Bar No.: 24071840
    Email: zabogado@aol.com
    Robert L. Manteuffel
    State Bar No. 12957529
    Email: rlmanteuffel@sbcglobal.net
    Joshua A. Petersen
    Texas Bar No. 24085524
    Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   (972) 233-2264
Fax:  (972) 386-7610