## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PACUAL ECOQUIJ-TZEP, *and all others similarly situated under 29 U.S.C. § 216(b)*, | § § § | |
| Plaintiff, | § § | |
| | § | No. 3:16-CV-00625-M |
| v. | § § | |
| HAWAIIAN GRILL a/k/a MW HAWAIIAN GRILL, | § § § | |
| Defendant. | § § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant's Motion to Dismiss [Docket Entry #6].  For the reasons stated below, the Motion is **GRANTED** in part and **DENIED** in part.

### BACKGROUND

On March 4, 2016, Plaintiff Pacual Ecoquij-Tzep filed suit against Defendant Hawaiian Grill, his former employer, alleging it failed to pay him the minimum wage or overtime, in violation of the Fair Labor Standards Act, 28 U.S.C. § 206, *et seq*. ("FLSA").  Plaintiff claims he worked as a server and cashier for Defendant from approximately December 3, 2014 to January 25, 2016, that he was paid an average hourly rate of $6.00 per hour, and that although he worked an average of seventy hours per week, he was not paid the time and a half rate for time he worked in excess of forty hours, as required by the FLSA.  Defendant moved to dismiss both the minimum wage and overtime claims.

## MOTION TO DISMISS

### I.    LEGAL STANDARD

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive a Rule 12(b)(6) Motion to Dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plausibility standard requires more than a sheer possibility that the defendant acted unlawfully, *id.*, and Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### II.    OUTSIDE EVIDENCE

In deciding a motion to dismiss under Rule 12(b)(6), a court may examine the complaint, documents attached to the complaint, documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claims, and matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010); *see also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003).  If other materials are considered by the court, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Rodriguez v. Rutter*, 310 F. App'x 623, 626 (5th Cir. 2009).

---

[1] Defendant's Motion states that it is a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(5).  However, in substance, the Motion argues for dismissal only under Rule 12(b)(6).  The Court thus construes the Motion as one for dismissal under Rule 12(b)(6).

A district court has "complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Isquith ex rel. Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 193 n. 3 (5th Cir. 1988). However, when the supporting materials provided are "scanty, incomplete, or inconclusive," it is preferable not to convert the dismissal motion into a summary judgment proceeding.  *Id.*

Defendant attached to its Motion timesheets, allegedly reflecting Plaintiff's hours worked from October 2015 through the end of his employment in 2016.  These documents were not attached to or referred to in Plaintiff's Complaint, and are not matters of public record.  Thus, as the parties appear to agree, the Court cannot consider them unless it converts the Motion to a summary judgment motion.  The Court will not do so.  The timesheets—which are unexplained and uninterpreted by affidavit or declaration,[2] cover less than half the time period during which Plaintiff alleges FLSA violations took place, and do not appear to state Plaintiff's hourly wage— are too incomplete and inconclusive to justify converting the Motion to one for summary judgment at this early stage of the case, when Plaintiff has not had an opportunity to conduct discovery.

The Court must determine whether the allegations in the Complaint are sufficient to state a claim under the FLSA.

## III.    THE FAIR LABOR STANDARDS ACT

Defendant alleges the Complaint is insufficient because it: (1) does not adequately allege individual coverage under the FLSA; (2) does not identify a week during which Plaintiff worked in excess of forty hours where he was not appropriately compensated for overtime; (3) does not

---

[2] The affidavit attached to the timesheets merely authenticates the records, without explaining them.

adequately allege that Defendant acted willfully and intentionally; and (4) does not contain

allegations showing that it can be maintained as a collective action under 29 U.S.C. § 216(b).

The FLSA guarantees minimum wage and overtime pay to employees engaged "in the

production of goods for commerce" ("individual coverage") or "employed in an enterprise

engaged in commerce or in the production of goods for commerce" ("enterprise coverage").

*Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992).  "*Either* individual *or* enterprise coverage

is enough to invoke FLSA protection."  *Id.*  Plaintiff alleged both individual and enterprise

coverage in his Complaint.  *See* Compl. [Docket Entry #1] at ¶¶ 9–12.  Defendant's Motion

challenges the sufficiency of Plaintiff's individual coverage theory.[3]

Individual coverage applies when the employee was personally engaged in interstate

commerce.  *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007).  To

determine whether an employee was so engaged, courts consider whether the employee's work

was so directly and vitally related to the functioning of an instrumentality or facility of interstate

commerce as to be, in practical effect, a part of it, rather than local activity.  *Id.* (quoting *Mitchell*

*v. H.B. Zachry Co.,* 362 U.S. 310, 324 (1960)); *see also Barr v. Custom Design & Installation,*

*Inc.*, 2015 WL 1255870, at *2 (N.D. Tex. Mar. 19, 2015) (Lynn, J.).  Activities that are "purely

local in nature" fall outside the scope of the FLSA.  *Sobrinio*, 474 F.3d at 829.  However, "any

regular contact with commerce, no matter how small, will result in coverage."  *Id.*  Plaintiff bears

the burden to prove individual coverage applies.  *Id.*

---

[3] In its Reply, Defendant argued for the first time that Plaintiff did not adequately plead enterprise coverage.  Reply [Docket Entry #9] at 4–5.  New arguments cannot be raised in a Reply by a party seeking dismissal of a claim under Federal Rule of Civil Procedure 12.  *See RSUI Indem. Co. v. Louisiana Rural Par. Ins. Co-op.*, 2009 WL 2606092, at *3 (W.D. La. Aug. 24, 2009).  Because Defendant did not move to dismiss Plaintiff's enterprise coverage claim, the validity of that claim is not before the Court.

Plaintiff's Complaint states that he worked as a cashier and server, and that his work affected interstate commerce because:

> [T]he materials and goods that Plaintiff handled and/or used on a constant and/or continual basis, and/or that were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.  Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies.

Compl. at ¶ 9.

These allegations are insufficient to state a claim for individual coverage.  Indeed, at least one court in this district has found that a complaint relying on precisely this language failed to state a claim.  *See Lopez-Santiago v. Coconut Thai Grill*, 2014 WL 840052, at *4 (N.D. Tex. Mar. 4, 2014) (Fitzwater, J.).

Plaintiff offers neither a description of the nature of his work nor a clarification as to how such work engaged him in interstate commerce, and the mere fact that he was a server and cashier is not enough.  In fact, courts regularly find that employees in equivalent positions are not individually engaged in interstate commerce.  *See Lopez–Santiago,* 2014 WL 840052, at *4; *Mejia v. Bros. Petroleum, LLC*, 2015 WL 3619894, at *5 (E.D. La. June 9, 2015) (finding bare allegations that plaintiffs worked as cashiers, cooks, and store operators at convenience stores to be insufficient to state a claim for individual coverage); *Martin v. Briceno*, 2014 WL 2587484, at *1 (S.D. Fla. June 10, 2014) (finding servers, waiters, bartenders, hostesses, cooks, and bus boys were not engaged in commerce); *Petasne v. La Cucina & Bakery, LLC*, 2008 WL 2157036, at *3 (M.D. Fla. May 20, 2008) (finding a server in a local restaurant was not entitled to assert individual coverage).

Plaintiff cites one case to support his claim that cashiers engage in regular contact with commerce: an unpublished opinion from this court denying a motion to set aside a jury verdict

because the evidence did not support a finding of individual coverage. *Gomez v. I Heart Boba Town East, LLC*, No. 3:12-cv-01642-O (N.D. Tex. Nov. 5, 2014) (O'Connor, J.). There, the evidence showed the plaintiff regularly processed credit card payments for customers from other states, opened international packages, and assisted with international phone calls. *Id.* Plaintiff has not alleged any such facts.

Plaintiff's conclusory allegation that goods or materials used by him or supplied to him moved through interstate commerce does not support a reasonable inference that he was not engaged in purely local activity. Using goods that have traveled in interstate commerce, alone, is not engaging in interstate commerce. *See McLeod v. Threlkeld,* 319 U.S. 491, 494 (1943). Employees who "handle goods after acquisition by a merchant for general local disposition" are not engaged in interstate commerce. *Id.* (distinguishing such employees from "handlers of goods for a wholesaler who moves them interstate on order or to meet the needs of specified customers," who are engaged in interstate commerce); *see also Barr*, 2015 WL 1255870 at *2–4 (finding that the fact that a file clerk purchased and handled goods that had previously traveled interstate was insufficient to establish that she was regularly engaged in interstate commerce); *Lopez v. Top Chef Inv.,* Inc., 2007 WL 4247646, at *2 (S.D. Fla. Nov.30, 2007) ("The mere fact that the food may have passed in interstate commerce prior to arriving at the restaurant does not mean that the Plaintiff was engaged in commerce for individual coverage.").

Thus, Plaintiff's individual coverage allegations are insufficient to state a claim and are **DISMISSED** without prejudice.

Defendant also argues the Complaint should be dismissed because it does not identify a week during which Plaintiff worked more than forty hours and was not properly compensated for overtime. The Court finds that Plaintiff has adequately pleaded his overtime claim. He alleged

that he worked on average seventy hours per week from December 3, 2014 through January 25, 2016, without receiving overtime pay.  Those are factual allegations that give rise to a plausible claim for relief.  *Hoffman v. Cemex, Inc.*, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009). They put Defendant on notice as to the relevant date range, as well as the approximate number of hours for which Plaintiff claims he was under-compensated, and the "FLSA does not require more."  *Mejia v. Bros. Petroleum, LLC*, 2015 WL 3619894, at *6 (E.D. La. June 9, 2015) (finding allegations that plaintiffs "worked approximately 70–80 hour per week before July of 2012, and then approximately 50 hours per week thereafter, without receiving overtime pay" sufficiently specific); *see also Kidwell v. Digital Intelligence Sys., LLC*, 2014 WL 4722706, at *4 (N.D. Tex. Sept. 22, 2014) (Boyle, J.).  The Court therefore will not dismiss Plaintiff's overtime claim for lack of specificity regarding the date ranges and number of hours for which Plaintiff claims he was under-compensated.

Next, Defendant argues Plaintiff's claims should be dismissed because Plaintiff did not adequately allege that Defendant acted willfully and intentionally.  Plaintiff need not prove willfulness to prevail on his FLSA claims.  *See* 28 U.S.C. § 206, § 207.  However, a showing of willfulness extends the statute of limitations.  FLSA actions must be commenced within two years, "except that a cause of action arising out of a willful violation may be commenced within three years."  29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988). Further, a plaintiff who proves the defendant repeatedly or willfully violated the law is entitled to "a civil penalty not to exceed $1,100 for each such violation."  29 U.S.C. § 216(e)(2); *Craven v. Excel Staffing Serv., Inc.*, 2014 WL 345682, at *5 (S.D. Tex. Jan. 30, 2014).

Plaintiff brought this case less than two years from the earliest date on which he alleges Defendant violated the FLSA (December 3, 2014), and approximately a month after his

7

employment with Defendant ended (January 25, 2016).  Thus, even if Plaintiff did not

adequately allege that Defendant acted willfully and intentionally, Defendant has not shown that

inadequacy should lead to dismissal of Plaintiff's individual claims.  *See Perkins v. Total Bldg.*

*Maint., Inc.*, 2015 WL 1609193, at *3 (N.D. Tex. Apr. 7, 2015) (Boyle, J.).  However, Plaintiff

purports to represent a class of similarly situated employees going "back at least three years"

from the filing of the Complaint.  Compl. at ¶ 5.  Thus, in order for his claim seeking relief for

such a putative class to survive, he must adequately allege willfulness.

A violation is willful if the employer "either knew or showed reckless disregard for . . .

whether its conduct was prohibited by the statute."  *Singer v. City of Waco, Tex.,* 324 F.3d 813,

821 (5th Cir. 2002).  Plaintiff claims Defendant acted willfully and intentionally because

Defendant knew of the FLSA's minimum wage and overtime requirements, yet "recklessly failed

to investigate" whether its payroll practices were in accordance with the FLSA.  The Court finds

Plaintiff's allegations sufficient to survive a motion to dismiss.  *Craven*, 2014 WL 345682, at *5

(finding it would be premature to dismiss allegations that defendants willfully violated the FLSA

at the motion to dismiss stage); *Albanil v. Coast 2 Coast, Inc.*, 2008 WL 4937565, at *8 (S.D.

Tex. Nov. 17, 2008) ("FLSA plaintiffs are not required to prove willfulness without the benefit

of discovery").

Finally, Defendant argues Plaintiff failed to make allegations showing that this action can

be maintained as a collective action under 29 U.S.C. § 216(b).  The Court agrees.

Section 216(b) permits an employee to pursue a collective action in a representative

capacity on behalf of persons who are "similarly situated" to the plaintiff and who "opt in" to the

collective action by filing a written consent with the court.  29 U.S.C. § 216(b).  To act in a

representative capacity, a plaintiff can seek conditional class certification, which permits the

plaintiff to send notice to potential class members. *Genesis Healthcare Corp. v. Symczk,* __ U.S. __, 133 S. Ct. 1523, 1527 (2013). To determine whether to conditionally certify a class, the majority of courts within the Fifth Circuit have adopted the approach set forth in *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J.1987). *Huchingson v. Rao,* 2015 WL 1655113, at *2 (W.D. Tex. Apr. 14, 2015); *see Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1216 (5th Cir.1995) (approving the *Lusardi* approach as one acceptable approach for FLSA class certification). The *Lusardi* approach involves notice and merits stages. *Mooney,* 54 F.3d at 1213–14. At the notice stage, a court determines whether the putative class members' claims are sufficiently similar to merit sending notice to potential class members. *Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 519 (5th Cir. 2010). If conditional certification is granted, notice is given to such individuals, who may opt in. *Acevedo,* 600 F.3d at 519. Once they have opted in and discovery is largely complete, the defendant can file a decertification motion, asking the court to re-assesses whether the claimants are similarly situated, and the court can decide whether to decertify the class. *Mooney,* 54 F.3d at 1214.

Courts disagree about whether a plaintiff purporting to represent similarly situated individuals under § 216(b) must plead facts to support the propriety of a collective action to survive a motion to dismiss. Some have held that a "challenge on the pleadings [is an] end-run [around] the certification process," since the plaintiffs have not had the opportunity to develop the record. *Lang v. DirecTV, Inc.,* 735 F. Supp. 2d 421, 435–36 (E.D. La. 2010) ("[D]efendants' motion to dismiss is premature."); *Hoffman,* 2009 WL 4825224 (S.D. Tex. Dec. 8, 2009) ("[P]laintiffs need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion. Whether proceeding collectively is appropriate will be addressed when the plaintiffs move for conditional certification."); *Perez v. T.A.S.T.E. Food Products, Inc.*, 2014 WL

412327, at *6-7 (W.D. Tex. Feb. 3, 2014) (same); *Craven v. Excel Staffing Serv., Inc.*, 2014 WL 345682, at *7 (S.D. Tex. Jan. 30, 2014) (same); *Ambrose v. Northstar Memorial* Group, 2012 WL 3727156, at *1 (W.D. Tenn. Aug. 27, 2012) (same).

Other courts have held that Rule 12(b)(6) requires that the complaint at least give the defendant fair notice of the putative class, finding that a fair notice inquiry is a much different inquiry than that made at the conditional class certification stage. *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014) (Fish, J.) (finding a class defined in inexact and broad terms did not give fair notice to the defendant and could not survive a motion to dismiss); *Huchingson v. Rao*, 2015 WL 1655113, at *3 (W.D. Tex. Apr. 14, 2015) (same); *Dyer v. Lara's Trucks, Inc.*, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013) (same); *Creech v. Holiday CVS, LLC*, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012) (same). The Court agrees that, at the pleading stage, plaintiffs asserting FLSA collective actions must make plausible allegations that there are similarly situated employees with certain common alleged attributes that could support a collective action. *See Dyer*, 2013 WL 609307, at *3.

Here, Plaintiff merely alleged his belief that there are employees "like the Plaintiff" who have not been paid minimum wages or overtime, going back three years. Compl. at ¶ 5. Plaintiff did not define the alleged class anywhere in the Complaint, and thus has not provided Defendant with notice regarding the scope of the putative class. *Huchingson*, 2015 WL 1655113, at *4. These "[t]hreadbare recitals" are insufficient to survive a motion to dismiss. *Iqbal,* 556 U.S. at 678. Therefore, Plaintiff's class allegations are **DISMISSED** without prejudice.

## CONCLUSION

For these reasons, the Motion is **GRANTED** in part and **DENIED** in part. The Court will permit Plaintiff to file an Amended Complaint with respect to his individual coverage and

collective action allegations within thirty days of the date of this Opinion.  Plaintiff is reminded that any such pleading must satisfy the requirements of Federal Rule of Civil Procedure 11.

**SO ORDERED**.

July 12, 2016.

**BARBARA M. G. LYNN**
**CHIEF JUDGE**