IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PASCUAL ECOQUIJ-TZEP, and all others similarly situated under 29 USC 216(b), § § § § | |
| Plaintiffs, § § | |
| V. § | No. 3:16-cv-625-BN |
| HAWAIIAN GRILL also known as MW Hawaiian Grill, § § § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Defendant Hawaiian Grill a/k/a MW Hawaiian Grill has filed a Second Motion to Dismiss for Failure to State a Claim and Alternatively, Motion to Strike Defendant's Class Action Allegations. *See* Dkt. No. 13 (the "Second Motion to Dismiss"). Plaintiff Pascual Ecoquij-Tzep has filed a response, *see* Dkt. No. 14, and Defendant has filed a reply, *see* Dkt. No. 15. For the reasons explained below, the Court GRANTS in part and DENIES in part the Second Motion to Dismiss.

### Background

On March 4, 2016, Plaintiff sued Defendant, his former employer, alleging that it failed to pay him the minimum wage or overtime, in violation of the Fair Labor Standards Act, 28 U.S.C. § 206, *et seq.* (the "FLSA").

Defendant filed a motion to dismiss, *see* Dkt. No. 6, which was granted in part and denied in part, and Plaintiff was given leave to file an amended complaint with respect to his individual coverage and collective action allegations, *see* Dkt. No. 10

In his First Amended Complaint, Plaintiff claims that he worked as a server and cashier for Defendant from approximately December 3, 2014 to January 25, 2016; that he was paid in lump sum payments resulting in an average hourly rate of $6.00 per hour; and that, although he worked an average of seventy hours per week, he was not paid the time-and-a-half rate for time that he worked in excess of 40 hours, as required by the FLSA. Plaintiff sues both individually and on behalf of other similarly-situated hourly employees of Defendant. *See* Dkt. No. 11.

In its Second Motion to Dismiss, Defendant argues that Plaintiff fails to plead sufficient facts to state a claim for individual coverage, or, in the alternative, that Plaintiff's collective action allegations should be stricken.

## Legal Standards and Analysis

I.  <u>Plaintiff has not stated a FLSA claim based on individual coverage.</u>

To establish a claim for either unpaid overtime or minimum wage compensation under the FLSA, a plaintiff must prove that he was an "employee[] engaged 'in the production of goods for commerce' ('individual coverage') *or* 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)) (emphasis in original). "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Id.* (emphasis in original).

For purposes of establishing enterprise coverage, the FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that

2

> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1); *see also Lopez-Santiago v. Coconut Thai Grill*, No. 3:13-cv-4268-D, 2014 WL 840052, at *1-*2 (N.D. Tex. Mar. 4, 2014).

The first prong of the enterprise coverage definition can be met in one of two ways: by satisfying the requirements of either (1) the "engaged in commerce" clause or (2) the "handling" clause.

The Court can analyze coverage under the "engaged in commerce" clause essentially in the same manner as it analyzes individual coverage, although the question as to individual coverage is whether the plaintiff himself engaged in interstate commerce, whereas the question in an enterprise coverage analysis is whether any two or more of the business's employees engaged in interstate commerce. *See Mendoza v. Detail Solutions, LLC*, 911 F. Supp. 2d 433, 439 & n.4 (N.D. Tex. 2012).

The "handling clause" requires the court to find that an employer had more than one employee "handling, selling, or otherwise working on" goods that have moved in interstate commerce. *See* 29 U.S.C. § 203(s)(1)(A)(i); *Mendoza*, 911 F. Supp. 2d at 441.

Enterprise coverage is an element of a claim rather than a jurisdictional prerequisite. *See Lopez-Santiago*, 2014 WL 840052, at *3; *Rodriguez v. Myrmidones LLC*, No. 8:14-cv-618-T-24-TBM, 2014 WL 1779296, at *2 (M.D. Fla. May 5, 2014).

For purposes of establishing individual coverage, courts apply a practical test, which looks to whether an employee's work "is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mendoza*, 911 F. Supp. 2d at 439. There is no *de minimus* requirement. "'[A]ny regular contact with commerce, no matter how small, will result in coverage.'" *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (quoting *Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1124 (5th Cir. 1979)).

"[C]ourts routinely look to whether the employee's work engages him in the 'actual movement of persons or things.'" *Mendoza*, 911 F. Supp. 2d at 433. Employees' work that merely affects commerce is not sufficient to establish individual coverage. *See Barr v. Custom Design & Installation, Inc.*, No. 3:13-cv-04925-M, 2015 WL 1255870, at *2 (N.D. Tex. Mar. 19, 2015). The work must be "entwined with the continuous stream of interstate commerce," and it is not sufficient that the employee "used products that had traveled in interstate commerce." *Sontay v. Hin's Garden*, No. H:13-CV-3721, 2014 WL 6722507, at *4 (S.D. Tex. Nov. 26, 2014). Working on goods that have previously moved through interstate commerce is not considered "part of the functioning of an instrumentality or facility of interstate commerce," and even purchasing products that have been manufactured out of state is insufficient to satisfy individual coverage. *Stanley v. Sawh*, No. CV H-13-3284, 2016 WL 561177, at *4 (S.D. Tex. Feb. 12, 2016).

4

Plaintiff alleged both individual and enterprise coverage in his Amended Complaint. *See* Dkt. No. 11 at 2-3. Defendant's Second Motion to Dismiss challenges the sufficiency of Plaintiff's individual coverage theory but not the enterprise coverage theory. *See* Dkt. No. 13.

In its Reply, Defendant also argues that Plaintiff did not adequately plead enterprise coverage. *See* Dkt. No. 15 at 6-7. But new arguments cannot be raised in a Reply by a party seeking dismissal of a claim under Federal Rule of Civil Procedure 12. *See Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 934-36 (N.D. Tex. 2014). Because Defendant did not move to dismiss Plaintiff's enterprise coverage claim, the validity of that claim is not before the Court on Defendant's Second Motion to Dismiss. *See* Dkt. No. 10 at 4 & n.3 (same sequence of arguments and holding concerning original motion to dismiss).

Defendant moves to dismiss the individual coverage claims under Federal Rules of Civil Procedure 9(b) and 12(b)(6). Rule 9(b) imposes heightened pleading requirements for allegations of fraud or mistake but does not apply in this case because Plaintiff asserts claims for FLSA violations, not fraud or mistake. *See, e.g., Galloway v. Chugach Gov't Servs., Inc.*, ___ F. Supp. 3d ___, No. CV 15-979 (RDM), 2016 WL 4179847, at *3 (D.D.C. Aug. 5, 2016).

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts

5

to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV.

6

P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and that the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

Plaintiff's Amended Complaint states that he worked as a cashier and server and that his work affected interstate commerce because

> the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant. For example, Plaintiff's work as a cashier regularly, at least on a monthly basis, involved the processing of credit card payments from customers who were traveling from outside the state of Texas from places such as Mexico and Arkansas.

Dkt. No. 11 at ¶ 9. These allegations are identical to those made in the original complaint except for the last sentence, which was added in the amended complaint to

address the Court's prior determination that "Plaintiff offers neither a description of the nature of his work nor a clarification as to how such work engaged him in interstate commerce, and the mere fact that he was a server and cashier is not enough." Dkt. No. 10 at 5.

These allegations in the amended complaint are likewise insufficient to state a claim for individual coverage. Not only do "courts regularly find that employees in equivalent positions are not individually engaged in interstate commerce," *see id.* at 5-6 (citing and discussing cases), but also that mere "usage of credit cards is insufficient for purposes of establishing FLSA individual coverage," *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266-67 (11th Cir. 2006) (rejecting argument that regular usage of credit cards is sufficient to establish FLSA individual coverage); *see Mayo v. Jean Nicole Hair Salons, Inc.*, No. 2:15-cv-115-FtM-38MRM, 2015 WL 4751202, at *3 (M.D. Fla. Aug. 11, 2015) (holding that "merely using a customer's credit card to ring up the sale does not constitute interstate commerce," particularly where the subject of the transaction was performed locally); *Joseph v. Nichell's Carribean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012) (holding, as a matter of law, that Plaintiff who processed credit and debit card purchase transactions as part of her job was not individually engaged in interstate commerce); *Marckenson v. Lal Peker, LLC*, No. 1:11-cv-22617-KMM, 2011 WL 5023422, at *4 (S.D. Fla. Oct. 19, 2011) (granting motion to dismiss where plaintiff "failed to produce any evidence indicating that by merely processing credit cards for goods purchased locally he was engaging in interstate commerce"); *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1361 (S.D.

Fla. 2009) (holding that plaintiff who processed credit cards for out-of-state patients was not individually engaged in interstate commere); *Kitchings v. Fla. United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1293 & n.26 (M.D. Fla. 2005) (holding that plaintiff's use of credit card to purchase local goods did not constitute "engagement in commerce"); *see also Sandles v. Wright*, Civil Action No. 1:12-cv-309, 2013 WL 5497788, at *7 (E.D. Tex. Oct. 3, 2013) (holding that processing credit card payments for out-of-state campers, in addition to receiving and making out-of-state telephone calls related to booking reservations or contacting out-of-state campers for other reasons and handling mail which either had been sent from or was to be sent to locations outside of Texas, was sufficient to show that Defendant was engaged in commerce).

Because Plaintiff's individual coverage allegations are insufficient to state a claim, and because Plaintiff has been allowed to replead and the Court assumes that Plaintiff has now stated his best case, the Court dismisses the FLSA claim based on individual coverage with prejudice.

II.  Plaintiff's collective action allegations will not be stricken.

Defendant also argues that Plaintiff failed to make allegations showing that this action can be maintained as a collection action under 29 U.S.C. § 216(b).

Section 216(b) permits an employee to pursue a collective action in a representative capacity on behalf of persons who are "similarly situated" to the plaintiff and who "opt in" to the collective action by filing a written consent with the court. 29 U.S.C. § 216(b). To act in a representative capacity, a plaintiff can seek

conditional class certification, which permits the plaintiff to send notice to potential class members. *See Genesis Healthcare Corp. v. Symczk*, ___ U.S. ___, 133 S. Ct. 1523, 1527 (2013). To determine whether to conditionally certify a class, the majority of courts within the Fifth Circuit have adopted the approach set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See Huchingson v. Rao*, CV No. 5:14-cv-1118, 2015 WL 1655113, at *2 (W.D. Tex. Apr. 14, 2015) (citing cases); *see also Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) (approving the *Lusardi* approach as one acceptable approach for FLSA class certification). The *Lusardi* approach involves notice and merits stages. *See Mooney*, 54 F.3d at 1213-14. At the notice stage, a court determines whether the putative class members' claims are sufficiently similar to merit sending notice to potential class members. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). If conditional certification is granted notice is given to such individuals, who may opt in . *See id.* Once they have opted in and discovery is largely complete, the defendant can file a decertification motion, asking the court to re-assess whether the claimants are similarly situated, and the court can decide whether to decertify the class. *See Mooney*, 54 F.3d at 1214; *see generally Portillo v. Permanent Workers, L.L.C.*, ___ F. App'x ___, No. 15-30789, 2016 WL 6436839, at *2-*3 (5th Cir. Oct. 31, 2016) (describing the *Lusardi* approach).

Courts disagree about whether a plaintiff purporting to represent similarly situated individuals under Section 216(b) must plead facts to support the propriety of a collective action to survive a motion to dismiss. Some have held that a "challenge on the pleadings [is an] end-run [around] the certification process," since the plaintiffs

have not had the opportunity to develop the record. *Lang v. DirecTV, Inc.*, 735 F. Supp. 2d 421, 435-36 (E.D. La. 2010) ("[D]efendant's motion to dismiss is premature."); *Hoffman v. Cemex, Inc.*, Civil Action No. H-09-3144, 2009 WL 4825224, at *4 (S.D. Tex. Dec. 8, 2009) ("[P]laintiffs need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion. Whether proceeding collectively will be addressed when the plaintiffs move for conditional certification."); *Perez v. T.A.S.T.E. Food Products, Inc.*, Cv. No. 5:13-cv-655-DAE, 2014 WL 412327, at *6-7 (W.D. Tex. Feb. 3, 2014 (same); *Craven v. Excel Staffing Serv., Inc.*, Civil Action No. H-12-2860, 2014 WL 345682, at *7 (S.D. Tex. Jan. 30, 2014) (same); *Ambrose v. Northstar Mem'l Group*, No. 12-2278-STA-DKV, 2012 WL 3727156, at *1 (W.D. Tenn. Aug. 27, 2012 (same).

Other courts have held that Rule 12(b)(6) requires that the complaint at least give the defendant fair notice of the putative class, finding that a fair notice inquiry is a much different inquiry than that made at the conditional class certification stage. *See Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014) (Fish, J.) (finding a class defined in inexact and broad terms did not give fair notice to the defendant and could not survive a motion to dismiss); *Huchingson*, 2015 WL 1655113, at *3 (same); *Dyer v. Lara's Trucks, Inc.*, Civil Action File No. 1:12-cv-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013) (same); *Creech v. Holiday CVS, LLC*, Civil Action No. 11-46-BAJ-DLD, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012) (same). The Court agrees that, at the pleading stage, plaintiffs asserting FLSA collective actions must make plausible allegations that there are similarly situated employees

with certain common alleged attributes that could support a collective action. *See Dyer*, 2013 WL 609307, at *3.

In the Complaint, Plaintiff alleged that

> [i]t is believed that the Defendant has employed other similarly situated employees like the Plaintiff who have not been paid minimum wages and/or overtime for work performed in excess of 40 hours weekly from the filing of this complaint back at least three years.

Dkt. No. 1 at 1-2. The Court found that "Plaintiff did not define the alleged class anywhere in the Complaint, and thus has not provided Defendant with notice regarding the scope of the putative class." Dkt. No. 10 at 10. The Court dismissed the class action allegations without prejudice and granted leave for Plaintiff to replead them. *See id.* at 10-11.

In the Amended Complaint, Plaintiff stated the same allegations, but added

> These similarly situated employees are other hourly employees of the Defendant, including cashiers, servers, and cooks, who were paid lump sum payments regardless of the actual number of hours worked per week. These lump sum payments resulted in either or both minimum wage violations and a failure to pay proper overtime premiums to these employees similar to the violations suffered by Plaintiff as set out below.

Dkt. No. 11 at 2.

Defendant moves to strike the class allegations in the Amended Complaint under Federal Rules of Civil Procedure 12(f), 23(c)(1)(A) and 23(d)(1)(D).

Rules 23(c)(1)(A) and 23(d)(1)(D) address issues concerning class actions but are not applicable because FLSA collective actions are not Rule 23 class actions. *See* FED. R. CIV. P. 23(c)(1)(A), 23(d)(1)(D); *cf. Baldridge v. SBC Communications, Inc.*, 404 F.3d 930, 932 (5th Cir. 2005) ("But, as the district court observed, this case involves a

'garden-variety' § 216(b) FLSA action and is not a rule 23 class action, so rule 23(f) is inapplicable.").

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The power to strike a pleading is within the Court's discretion but should be sparingly used. *See United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). The motion to strike on grounds of immateriality or impertinence "'should be granted only when the pleading to be stricken has no possible relation to the controversy.'" *Id.* (quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)). Further, matter is not "scandalous" for purposes of Rule 12(f) if it is "directly relevant to the controversy at issue and are minimally supported in the record." *Id.* With regard to striking alleged defenses, "although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

"Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Jacobs v. Tapscott*, No. 3:04-cv-1968-D, 2004 WL 2921806, at *2 (N.D. Tex. Dec.16, 2004), *aff'd on other grounds*, 277 Fed. Appx. 483 (5th Cir. 2008).

Defendant argues that the class allegations, as amended, fail to define the class "with reference to objective criteria" and that "there must be a reasonable and

administratively feasible mechanism for determining whether putative class members fall within the class definition." Dkt. No. 13 at 5 & Dkt. No. 15 at 6 (quoting *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013) (quoting *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 592 (3d Cir. 2012))). Defendant observes that the class of hourly wage employees that Plaintiff seeks to represent contains individual employees who have performed different lines of work for different managers and, most likely, in quite different working conditions. Defendant argues that Plaintiff has not made a showing that any hourly wage employee at Defendant's restaurant was subjected to the same employment practices that he alleges violated the FLSA. Plaintiff also argues that Plaintiff has not presented any evidence to support his allegation that Defendant is making lump sum payments corporate-wide for all of its employees or that it has a uniform corporate practice disregarding overtime. Instead, Defendant argues, the class definition is so broad and vague that it requires the Court to look into each and every member's job duties and individual circumstances to determine liability issues.

The Court concludes that Plaintiff's description of the putative class is sufficient and that the collective action allegations will not be stricken from Plaintiff's Amended Complaint. Defendant will have the opportunity to make these objections in response to Plaintiff's motion for conditional certification under 29 U.S.C. § 216(b). At this stage, Plaintiff's amended allegations in support of proceeding as a Section 216(b) collective action are sufficient under Rule 8(a).

**Conclusion**

The Court GRANTS in part and DENIES in part Defendant's Second Motion to Dismiss for Failure to State a Claim and Alternatively, Motion to Strike Defendant's Class Action Allegations [Dkt. No. 13]. The motion to dismiss is granted and the allegations under the FLSA based on individual coverage are dismissed with prejudice. But Plaintiff may proceed on his FLSA claim based on enterprise coverage, and the Court denies the motion to strike the collective action allegations.

SO ORDERED.

DATE: December 16, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE