IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PASCUAL ECOQUIJ-TZEP, and all others similarly situated under 29 USC 216(b), | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:16-cv-625-BN |
| HAWAIIAN GRILL also known as MW Hawaiian Grill, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Pascual Ecoquij-Tzep seeks leave to file a Second Amended Complaint to add additional parties and correct the name of Defendant Hawaiian Grill a/k/a MW Hawaiian Grill. *See* Dkt. No. 32. Defendant objects to amendment. *See* Dkt. No. 39.

For the reasons and to the extent explained below, the Court GRANTS Plaintiff's Motion for Leave to File Second Amended Complaint [Dkt. No. 32].

**Background**

Ecoquij-Tzep, on his own behalf and on behalf of those similarly situated, sued his former employer for violating the overtime and minimum wage standards under the Fair Labor Standards Act ("FLSA"). *See* Dkt. No. 1 (Complaint); Dkt. No. 11 (First Amended Complaint); 29 U.S.C. § 216(b). After completion of Phase I discovery, Ecoquij-Tzep seeks leave of court to amend his complaint to properly identify Defendant and to add four additional parties. *See* Dkt. No. 32.

-1-

In his proposed Second Amended Complaint, Ecoquij-Tzep alleges that LE Arlington, Inc. is the business entity that operates Defendant Hawaiian Grill a/k/a MW Hawaiian Grill. Ecoquij-Tzep seeks to amend his complaint to identify Defendant as LE Arlington, Inc. d/b/a MW Hawaiian Grill also d/b/a MW's Hawaiian Grill also d/b/a Little Tokyo and f/k/a Shun Far El Paso, Inc. *See* Dkt. No. 32-1; *see also* Dkt. No. 32-3.

Ecoquij-Tzep also seeks to add three individuals – Shizhong Zhang, Ying Hui Wang, and Kong Shen Wang – as parties. Ecoquij-Tzep alleges in his proposed Second Amended Complaint that these individuals are owners, managers, and/or officers of LE Arlington, Inc. Specifically, Ecoquij-Tzep alleges that Ying Hui Wang is an owner, president, and director of LE Arlington, Inc.; Kong Shen Wang is an owner and manager of LE Arlington, Inc.; and Shizhong Zhang is a 25% shareholder in LE Arlington, Inc. *See id.*; *see also* Dkt. No. 32-3 (Texas Secretary of State records for LE Arlington, Inc.). Zhang was Ecoquij-Tzep's manager at Hawaiian Grill, and he reported to both Ying Hui Wang and Kong Shen Wang. *See* Dkt. No. 32 at 3-4; Dkt. No. 32-2 at 7-10 (Zhang deposition).

Ecoquij-Tzep also seeks to add Grand Fast Food Inc. d/b/a Famous Cajun Grill and also d/b/a Famous Wok ("Grand Fast Food Inc.") as a party. In his proposed Second Amended Complaint, Ecoquij-Tzep alleges that he worked for both MW Hawaiian Grill and Famous Cajun Grill and that both restaurants shared management personnel. *See* Dkt. No. 32-1 at 5. Ecoquij-Tzep further alleges that Grand Fast Food Inc. and Le Arlington, Inc. are part of a joint enterprise, along with at least one other entity, Megatrend Food Management, Inc., that operates restaurants under the MW Hawaiian

Grill, Little Tokyo, and Famous Cajun Grill brands. *See id.* at 6. Ecoquij-Tzep alleges that Ying Hui Wang and Kong Sheng Wang appear as officers, directors, or managers for both LE Arlington, Inc. and Grand Fast Food Inc. and that Ying Hui Wang appears as president of Megatrend Food Management, Inc. in the records of the Texas Secretary of State. *See id.* at 6; *see also* Dkt. No. 32-4 (Texas Secretary of State records for Grand Fast Food Inc.).

Ecoquij-Tzep alleges and argues that "as owners, managers, and/or officers" of LE Arlington, Inc. and/or Grand Fast Food Inc., the individuals whom he seeks to add as parties ran the day-to-day operations of LE Arlington, Inc., Grand Fast Food Inc., or both for the relevant time period, were responsible for paying Ecoquij-Tzep's wages during the relevant time period, and controlled Ecoquij-Tzep's work and schedule. Accordingly, Ecoquij-Tzep contends that they were his employer as defined by 29 U.S.C. § 203(d). *See* Dkt. No. 32 at 4; Dkt. No. 32-1 at 3-4.

Defendant filed an objection to the motion for leave to amend. *See* Dkt. No. 39. Defendant states that Defendant Hawaiian Grill a/k/a MW Hawaiian Grill is owned by LE Arlington, Inc. and does not object to Ecoquij-Tzep's proposed amendment concerning Defendant's name. *See id.* at 3.

But Defendant objects to the addition of parties, arguing that amendment to add these parties would be futile. Defendant challenges Ecoquij-Tzep's allegation that he worked for Famous Cajun Grill, based on deposition testimony of Defendant's corporate representative, Zhang, to the contrary. Thus, Defendant argues that any alleged FLSA violation claims against Grand Fast Food Inc. could not have arisen from the same

transaction and occurrence as those against LE Arlington, Inc. *See id.* at 2-3. And Defendant argues that the individuals whom Ecoquij-Tzep seeks to add were not Ecoquij-Tzep's employers under either the economic reality test or merely because they were owners, officers, or members of LE Arlington, Inc. *See id.* at 4-5.

Ecoquij-Tzep filed a reply in which he points out that Defendant admits in its response that LE Arlington, Inc. is the entity that owns Defendant; that Grand Fast Food Inc. owns a Famous Wok/Famous Cajun Grill Restaurant; and that Ying Hui Wang and Kong Shen Wang have owner ship interest in Grand Fast Food Inc. *See* Dkt. No. 41 at 2. Ecoquij-Tzep argues that the allegations in his proposed Second Amended Complaint are sufficient under both the FLSA and the economic reality test to allow the Court to draw a reasonable inference that the individuals whom he seeks to add were his employers under the FLSA. *See id.* at 2-4. And Ecoquij-Tzep asserts that the fact that Mr. Zhang denied that Ecoquij-Tzep worked at Famous Cajun Grill does not mean that Ecoquij-Tzep's proposed amendment would be futile – it only means that Ecoquij-Tzep will be required to prove his allegations with other evidence. *See id.* at 4.

**Legal Standards**

Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the Court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g.*, *Orthoflex,*

*Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-08700-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2).").

When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet the good cause standard, the party must show that, despite her diligence, she could not reasonably have met the scheduling order deadline. *See id.* at 535. The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)). If the movant satisfies Rule 16(b)(4)'s requirements, the court must then determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536.

When the party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires."

FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend,"*Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). That is, "a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal." *Varela v. Gonzales*,

773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009); internal quotation marks omitted). But this Court's

> almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Reneker v. Offill*, No. 3:08-cv-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr.13, 2011).

To determine futility a court must apply the same standard as applies under Federal Rule of Civil Procedure 12(b)(6). *Stripling*, 234 F.3d at 873. In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d

787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. \_\_\_\_, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347,

-8-

and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th

Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion … are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, ___ F. App'x ___, No. 16-60291 (5th Cir. Dec. 12, 2016) (internal quotation marks and citations omitted).

**Analysis**

Neither party disputes that Ecoquij-Tzep's motion to amend the complaint was timely. The deadline for the amendment of pleadings was May 7, 2017, and the deadline for joinder of parties was extended to April 2, 2017, which was a Sunday. *See* Dkt. No. 26. Plaintiff filed his Motion for Leave to File Second Amended Complaint on April 3, 2017, the next business day. Accordingly, the motion was filed timely, *see* FED. R. CIV. P. 6(a)(1)(C), and the Court will consider the motion for leave under Rule 15(a).

Because Defendant does not object to an amendment adding "LE Arlington, Inc."

to its name, the Court GRANTS motion for leave to amend to reflect Defendant's name as LE Arlington, Inc. d/b/a MW Hawaiian Grill also d/b/a MW's Hawaiian Grill also d/b/a Little Tokyo and f/k/a Shun Far El Paso, Inc.

But Defendant contends that an amendment to add parties would be futile.

Defendant argues that it would be futile to add Grand Fast Food Inc. as a party because Grand Fast Food Inc. and LE Arlington, Inc. are independently managed and operated and that the only affiliation between the two separate companies is an overlap of ownership and/or officers. Defendant also relies on Mr. Zhang's deposition testimony as Defendant's corporate representative that Ecoquij-Tzep never worked for Famous Cajun Grill.

In his proposed Second Amended Complaint, Ecoquij-Tzep alleges that he was employed by both a MW Hawaiian Grill branded restaurant (LE Arlington, Inc.) and a Famous Cajun Grill branded restaurant (Grand Fast Food Inc.) that also shared management personnel. *See* Dkt. No. 32-1 at 5. Ecoquij-Tzep also alleges that LE Arlington, Inc. and Grand Fast Food Inc. were part of a joint enterprise as defined by 29 U.S.C. § 203(r) "as the related activities between the various businesses, performed through unified operation and/or common control, are being done for a common business purpose. These related activities are believed to include the operation of numerous restaurants under the MW Hawaiian Grill, Little Tokyo, and Famous Cajun Grill brands throughout the state of Texas." Dkt. No. 32-1 at 7. According to Section 203(r),

"[e]nterprise" means the related activities performed (either through

unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor. ...

29 U.S.C. § 203(r)(1).

Ecoquij-Tzep further alleges that LE Arlington, Inc. and Grand Fast Foods Inc. employed Ecoquij-Tzep and other similarly situated hourly employees who have not been paid minimum wages and/or overtime for work performed in excess of 40 hours weekly but instead were paid lump sum payments regardless of the actual number of hours worked per week, resulting in both minimum wage and overtime violations.

Defendant also argues that it would be futile to add Shizhong Zhang, Ying Hui Wang, and Kong Shen Wang as parties because they are not "employers" under the economic reality test and that they cannot be joined as parties based solely on their ownership interest in LE Arlington, Inc. and Grand Fast Foods Inc.

In order "[t]o be bound by the requirements of the Fair Labor Standards Act, one must be an 'employer.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984) (citing 29 U.S.C. §§ 206-207)). The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 209(d). The Fifth Circuit has explained that the "remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989). Accordingly, the Fifth Circuit has approved use of the

"economic realities" test to determine who is an employer under the FLSA. *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (quoting *Williams*, 595 F.3d at 620).

The Fifth Circuit has specifically rejected "formalistic labels or common-law notions of the employment relationship" in the FLSA context. *See Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983). Employee status is based on the economic realities of the relationship, and, therefore, the subjective beliefs of the alleged employee or employer are irrelevant to a worker's status. *See Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1049 (5th Cir. 1987). Moreover, the determination of an employment relationship "does not depend on ... isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947).

In his proposed Second Amended Complaint, Ecoquij-Tzep alleges that the three individuals whom he seeks to add as parties were either corporate officers and/or owners and/or managers of LE Arlington, Inc. and Grand Fast Foods Inc. "who ran the day-to-day operations of one or more of the Defendant Corporations for the relevant time period and [were] responsible for paying Plaintiff's wages during the relevant

time period and controlled Plaintiff's work and schedule." Dkt. No. 32-1 at 3-4.

The Court determines that amendment of Plaintiff's complaint to add additional parties would not be futile. Defendant's arguments to the contrary essentially ask the Court to make a preemptive summary judgment determination as to the merits or truth of Ecoquij-Tzep's proposed amended allegations. That the Court will not do at this stage.

Accordingly, the Court GRANTS the motion for leave to amend to add Grand Fast Food Inc., Shizhong Zhang, Ying Hui Wang, and Kong Shen Wang as parties.

**Conclusion**

The Court GRANTS Plaintiff's Motion for Leave to File Second Amended Complaint [Dkt. No. 32] and ORDERS that Plaintiff is granted leave to file his Third Amended Complaint, as attached as Exhibit A to the motion [Dkt. No. 32-1], which is deemed filed as of the date of this order and which the Clerk of the Court is DIRECTED to file.

SO ORDERED.

DATED: June 21, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE