IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PASCUAL ECOQUIJ-TZEP, and all others similarly situated under 29 USC 216(b), | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:16-cv-625-BN |
| HAWAIIAN GRILL also known as MW Hawaiian Grill, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Pascual Ecoquij-Tzep, on his own behalf and on behalf of those similarly situated, brought this putative collection action under 29 U.S.C. § 216(b), a provision of the Fair Labor Standards Act, 28 U.S.C. § 206, *et seq*. (the "FLSA"), to recover minimum wage and overtime pay. *See* Dkt. No. 1 (Complaint); Dkt. No. 11 (First Amended Complaint). Plaintiff moves for conditional certification. *See* Dkt. No. 33.

For the reasons and to the extent explained below, the Court GRANTS the motion for class certification.

### Background

Plaintiff Pascual Ecoquij-Tzep was a cashier and server employed on an hourly basis by Defendant Hawaiian Grill from December 3, 2014 through January 25, 2016. Ecoquij-Tzep alleges that he worked an average of 70 hours per week and was paid in

lump sum payments regardless of the actual number of hours worked. Ecoquij-Tzep further alleges that he was not paid the extra half-time rate for any overtime hours worked above 40 hours per week and was paid an average effective hourly rate below the applicable minimum wage. *See* Dkt. No. 11; 29 U.S.C. § 206(a)(1) (minimum wage), § 207(a)(1) (overtime).

Ecoquij-Tzep brings this lawsuit as a putative collective action under 29 U.S.C. § 216(b). He requests conditional certification and asks the Court to set a date for the parties to confer and submit a second Federal Rule of Civil Procedure 26(f) report to address either a court-authorized notice period, any remaining Phase 1 (class-wide) discovery, Phase 2 (individualized) discovery, and other matters listed in paragraph three of the Court's Initial Scheduling Order [Dkt. No. 23]. *See* Dkt. No. 33.

Ecoquij-Tzep describes the proposed class as hourly employees employed by Defendant from March 5, 2013 to the present, including cashiers, servers, and cooks, who were paid a fixed sum regardless of the total hours worked instead of being paid by the hour. Ecoquij-Tzep argues that these employees are similarly situated because Defendant has a common policy or practice to pay hourly employees lump sum payments regardless of the actual number of hours worked, in violation of the FLSA's minimum wage and overtime requirements. *See id.*

To support this argument, Ecoquij-Tzep relies on the deposition of Defendant's corporate representative, Shizhong Zhang, who testified that Defendant had a practice of paying fixed sums instead of minimum wage and overtime to certain hourly employees, including cashiers, servers, and cooks. *See* Dkt. No. 34. Mr. Zhang testified

that Ecoquij-Tzep was paid bi-monthly on the first and sixteenth of the month and that he was paid a set amount regardless of the hours he worked. *See id.* at 8-9. Mr. Zhang also testified that one or two other cashiers and servers like Ecoquij-Tzep were paid bi-monthly, as were the two cooks. *See id.* at 11-13. Ecoquij-Tzep also relies on Defendant's response to requests for production, in which Defendant identifies three former "waiters/cashiers," "Lorenzo, Johnny and Moises," as persons who are similarly situated to Plaintiff. *See id.* at 26.

Defendant objects to Ecoquij-Tzep's request for conditional certification. *See* Dkt. No. 40. Defendant argues that a class definition based solely on bi-monthly payment is too broad and that cashiers/servers and cooks are not similarly-situated employees because they are in different lines of work and have different job duties, working schedules, and working conditions.

Defendant also argues that Ecoquij-Tzep fails to show how these hourly wage employees were subject to the same employment practices or common policy as Ecoquij-Tzep. Defendant asserts that it provided W-2s for more than sixty employees who worked or are currently working in the restaurant from 2014 to 2016 and that Ecoquij-Tzep claims there may be possible FLSA violations for only five of them.

Finally, the parties disagree in their interpretations of the Court's Memorandum Opinion and Order [Dkt. No. 24] and its effect on the request for conditional certification. In that order, the Court concluded that Ecoquij-Tzep's individual coverage allegations are insufficient to state a claim and it dismissed Ecoquij-Tzep's FLSA claim based on individual coverage with prejudice. Dkt. No. 24 at 9.

Defendant argues that, even if the cashiers/servers and cooks are similarly situated to Ecoquij-Tzep, the Court's Order precludes any FLSA claim because, like Ecoquij-Tzep, the cashiers/servers and cooks could not state a claim for individual coverage. *See* Dkt. No. 40 at 4-5.

Ecoquij-Tzep replies that, like him, they could still pursue their FLSA claims under an enterprise coverage theory. *See* Dkt. No. 42 at 5-6.

**Legal Standards**

Ecoquij-Tzep seeks the conditional certification of this action as a collective action pursuant to the FLSA, which provides:

> An action ... may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Unlike class actions brought under Federal Rule of Civil Procedure 23, classes under Section 216(b) are opt-in classes, requiring any employee wishing to become a party to the action to "opt in" (rather than "opt out") by filing his consent with the court in which the action is brought. *See id.*

Although the United States Court of Appeals for the Fifth Circuit has not adopted a specific standard to be used in determining the propriety of class certification under the FLSA, it has affirmed at least two approaches. *See Portillo v. Permanent Workers, L.L.C.*, 662 F. App'x 277, 279 & n.10 (5th Cir. 2016). The first approach, which tracks Rule 23, entails district courts' evaluating FLSA collective actions against the well-established requirements of numerosity, commonality, typicality, and

adequacy. *See id.* The second is the "*Lusardi* approach," named for an opinion describing a two-stage certification process consisting of a notice stage and a certification stage. *See id.* (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)).

The Court will follow the *Lusardi* approach as the legal standard for collective action certification. *See* Dkt. No. 23 at 3; *Portillo*, 662 F. App'x at 280 & n.14; *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 n.2 (5th Cir. 2008); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-16 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2013)); *see also Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 758 (N.D. Tex. 2013) (recognizing and applying two-stage test as prevailing test among federal courts); *Valcho v. Dallas Cnty. Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008) (noting that the Northern District of Texas federal courts apply the two-stage test "that prevails among federal courts").

> During the notification stage,
>
> the plaintiff moves for conditional certification of his or her collective action. The district court then decides, usually based on the pleadings and affidavits of the parties, whether to provide notice to follow employees who may be similarly situated to the named plaintiff, thereby conditionally certifying a collective action.

*Portillo*, 662 F. App'x at 280 (quoting *Sandoz*, 553 F.3d at 921 n.2). The plaintiff must establish that there are other potential class members who are "similarly situated in their job requirements and pay provisions." *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (internal quotations omitted). If a court is satisfied that a plaintiff has satisfied this test, the court may, in its discretion, decide to

conditionally certify the class and facilitate notice of the lawsuit to potential class members. *See Valcho*, 574 F. Supp. 2d at 621-22.

Because plaintiffs seeking conditional certification need not identify other hypothetical collective action members, the stage one standard is considered to be "fairly lenient. "*Portillo,* 662 F. App'x at 282. The decision whether to conditionally certify "lends itself to *ad hoc* analysis on a case-by-case basis," but the court typically grants certification. *Id.* (quoting *Mooney*, 54 F.3d at 1214). Once conditional certification is granted, "notice of the action should be given to potential class members," allowing them the opportunity to "opt-in" to the collective action. *Id.* (quoting *Mooney*, 54 F.3d at 1214); 29 U.S.C. § 216(b).

In the certification stage, the court determines whether the class should be maintained through trial. *See Mooney*, 54 F.3d at 1214. This stage typically begins when the defendant moves to decertify the class after discovery is largely complete. *See id.* The collective action will proceed if the court finds the potential class members similarly situated, but the class will be decertified if discovery fails to adequately identify a pool of claimants that is similarly situated. *See id.*; *see also Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 280 (N.D. Tex. 2008) ("At this second stage, the burden is on the Plaintiff to prove that the individual class members are similarly situated.").

At this stage, courts are much less likely to allow the collective action to continue to trial. *See Portillo*, 662 F. App'x at 281. The court may consider: "(1) the

disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [defendant] which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Id.* (internal quotation marks omitted).

## Analysis

At this, the notice stage of this case, plaintiffs must show that they and potential class members were "similarly situated." *Marshall,* 272 F.R.D. at 449. Though it is admittedly lenient, the *Lusardi* approach still requires plaintiffs to present "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 n.8 (citing *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).

Ecoquij-Tzep contends that the proposed class members are similarly situated based on Defendant's policy to pay hourly employees set amounts on a lump sum basis, which resulted in minimum wage and overtime violations, and not on the similarity of their job duties. "Similarly situated" does not mean identically situated, and Ecoquij-Tzep has alleged a strong nexus between himself and the potential class members that binds them together as victims of an alleged policy or practice, despite the different job duties of cashiers, servers, and cooks. *See Melson v. Directech Southwest, Inc.*, Civ. A. No. 07-1087, 2008 WL 2598988, at *4 (E.D. La. June 25, 2008).

The Court determines that Ecoquij-Tzep has shown that there are at least five potential class members who are similarly situated based on Defendant's alleged policy to pay hourly employees on a lump sum basis regardless of the hours worked.

The Court's prior Memorandum Opinion and Order [Dkt. No. 24] does not preclude certification of the proposed class members. In the order, the Court concluded that Ecoquij-Tzep failed to allege sufficient facts to state a claim for individual coverage under the FLSA and dismissed Ecoquij-Tzep's FLSA claim based on individual coverage with prejudice. *See* Dkt. No. 24 at 18-9, 5. The Court also ordered that Ecoquij-Tzep may proceed on his FLSA claim based on enterprise coverage. *See id.* at 15. That ruling is consistent with granting conditional certification on that remaining claim.

## Conclusion

The Court GRANTS Plaintiff's Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b) [Dkt. No. 33]. Further, the Court ORDERS that by **July 21, 2017**, the parties must confer and submit a Federal Rule of Civil Procedure 26(f) joint report to address a court-authorized notice period, any remaining Phase 1 (class-wide) discovery, Phase 2 (individualized) discovery, and/or a motion for decertification, as the case may be, as well as a deadline for settlement negotiations and possibly mediation to take place shortly after the ruling on conditional certification and deadlines related to expert witnesses and other dispositive motions.

SO ORDERED.

DATED: June 21, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE