IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PASCUAL ECOQUIJ-TZEP, and all others similarly situated under 29 USC 216(b), | § § § § | |
| Plaintiffs, | § § § | |
| V. | § § | No. 3:16-cv-625-BN |
| LE ARLINGTON, INC. d/b/a MW HAWAIIAN GRILL also d/b/a MW'S HAWAIIAN GRILL also d/b/a LITTLE TOKYO and f/k/a SHUN FAR EL PASO, INC., ET AL., | § § § § § § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendants Le Arlington, Inc. d/b/a/ MW Hawaiian Grill also d/b/a MW's Hawaiian Grill also d/b/a Little Tokyo and f/k/a Shun Far El Paso, Inc. ("Le Arlington"), Grand Fast Food, Inc. d/b/a Famous Cajun Grill and also d/b/a Famous Wok ("Grand Fast Food"), Shizhong Zhang, Ying Hui Wang, and Kong Shen Wang (collectively, "Defendants") move to dismiss Plaintiff Pascual Ecoquij-Tzep's Second Amended Complaint. *See* Dkt. No. 55.

Ecoquij-Tzep, on behalf of himself and other similarly situated, filed a response. *See* Dkt. No. 59. Defendants did not file a reply, and their deadline to do so has now passed.

For the following reasons, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss [Dkt. No. 55].

## Background

Ecoquij-Tzep sued Hawaiian Grill, his former employer, alleging that it failed to pay him the minimum wage or overtime, in violation of the Fair Labor Standards Act, 28 U.S.C. § 206, *et seq.* (the "FLSA"). Hawaiian Grill filed a motion to dismiss, *see* Dkt. No. 6, which the Court granted in part and denied in part, and the Court gave Ecoquij-Tzep leave to file an amended complaint as to his individual coverage and collective action allegations, *see* Dkt. No. 10

In his First Amended Complaint, Ecoquij-Tzep again sued Hawaiian Grill for violations of the FLSA's minimum wage and overtime provisions. *See* Dkt. No. 11. Hawaiian Grill filed another motion to dismiss, *see* Dkt. No. 13, which the Court granted in part and denied in part, *see* Dkt. No. 24. The Court dismissed with prejudice Ecoquij-Tzep's FLSA claims based on individual coverage but allowed Ecoquij-Tzep to proceed on his FLSA claims based on enterprise coverage, which had not been raised in the motion to dismiss. The Court also denied the motion to strike the collective action allegations. *See id.*

Ecoquij-Tzep sought and was granted leave to file a Second Amended Complaint. *See* Dkt. Nos. 32 & 47.

In his Second Amended Complaint, Ecoquij-Tzep changed the name of Hawaiian Grill to Le Arlington, Inc. d/b/a MW Hawaiian Grill also d/b/a MW's Hawaiian Grill also d/b/a Little Tokyo and f/k/a Shun Far El Paso, Inc. *See* Dkt. No. 49. Ecoquij-Tzep also added four additional defendants – Grand Fast Foods, Inc., Shizhong Zhang, Ying Hui Wang, and Kong Shen Wang – and a joint enterprise allegation. *See* Dkt. No. 49.

Ecoquij-Tzep alleges that he worked as a server and cashier for a Hawaiian Grill restaurant and a Famous Cajun restaurant from approximately December 3, 2014 to January 25, 2016; that he was paid in lump sum payments resulting in an average hourly rate of $6.00 per hour; and that, although he worked an average of seventy hours per week, he was not paid the time-and-a-half rate for time that he worked in excess of 40 hours, as required by the FLSA. Ecoquij-Tzep sues Le Arlington and Grand Fast Food as FLSA joint employers and sues Shizhong Zhang, Ying Hui Wang, and Kong Shen Wang as corporate officers, owners, or managers of one or more of the corporate defendants who were responsible for paying Ecoquij-Tzep's wages and controlling Ecoquij-Tzep's work and schedule during the relevant time period. *See id.*

Ecoquij-Tzep sues both individually and on behalf of other similarly-situated hourly employees of Defendant. *See id.*

Defendants move to dismiss the Second Amended Complaint. *See* Dkt. No. 55. Defendants assert that Ecoquij-Tzep's enterprise coverage claims are factually insufficient to state a claim, that the joint enterprise claim is both factually insufficient and conclusory, and that the joint employer claim is conclusory. Defendants again attack Ecoquij-Tzep's individual coverage, overtime, and minimum wage claims.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts

to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV.

P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

## Analysis

I.   <u>Ecoquij-Tzep has not sufficiently alleged enterprise coverage.</u>

To establish a claim for either unpaid overtime or minimum wage compensation under the FLSA, Ecoquij-Tzep must prove that he was an "employee[] engaged 'in the production of goods for commerce' ('individual coverage') *or* 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)) (emphasis in original). "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Id.* (emphasis in original).

For purposes of establishing enterprise coverage, the FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that

> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1); *see also Lopez-Santiago v. Coconut Thai Grill*, No. 3:13-cv-4268-D, 2014 WL 840052, at *1-*2 (N.D. Tex. Mar. 4, 2014). Enterprise coverage is an element of a claim rather than a jurisdictional prerequisite. *See Lopez-Santiago*, 2014 WL 840052, at *3; *Rodriguez v. Myrmidones LLC*, No. 8:14-cv-618-T-24-TBM, 2014 WL 1779296, at *2 (M.D. Fla. May 5, 2014).

Defendants challenge only the first prong of the enterprise coverage definition, which can be met in one of two ways: by satisfying the requirements of either (1) the "engaged in commerce" clause or (2) the "handling" clause.

The Court can analyze coverage under the "engaged in commerce" clause essentially in the same manner as it analyzes individual coverage, although the question as to individual coverage is whether Ecoquij-Tzep himself engaged in interstate commerce, whereas the question in an enterprise coverage analysis is whether any two or more of the business's employees engaged in interstate commerce. *See Mendoza v. Detail Solutions, LLC*, 911 F. Supp. 2d 433, 439 & n.4 (N.D. Tex. 2012).

The "handling clause" requires the Court to find that an employer had more than one employee "handling, selling, or otherwise working on" goods that have moved in interstate commerce. *See* 29 U.S.C. § 203(s)(1)(A)(i); *Mendoza*, 911 F. Supp. 2d at 441.

> In his Second Amended Complaint, Ecoquij-Tzep alleges that
>
> Defendants' business affected interstate commerce for the relevant time period because the materials and goods that Plaintiff and other employees handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff and other employees by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to the employees' use of the same.

Dkt. No. 49 at 4.

Ecoquij-Tzep has alleged the basic elements of enterprise coverage but not the necessary factual support. Specifically, Ecoquij-Tzep's allegations regarding the commerce and handling requirements are merely conclusory and do not state any facts from which it can be gleaned that the enterprise and its employees are involved in commerce as required to satisfy the FLSA's coverage element. *See Rodriguez v. Shan Namkeen, Inc.*, No. 3:15-cv-3370-BK, 2017 WL 76929, at *3 (N.D. Tex. Jan. 9, 2017); *Payne v. Universal Recovery, Inc.*, No. 3:11-cv-1672-D-BH, 2011 WL 7415414, at *5 (N.D. Tex. Dec. 7, 2011); *Morrow v. J W Electric, Inc.,* No. 3:11-cv-1988-D, 2011 WL 5599051, at * (N.D. Tex. Nov. 16, 2011).

In response, Ecoquij-Tzep argues that the allegations that he and other similarly situated employees include cashiers, servers, and cooks are factually sufficient because the Court can reasonably infer that cashiers, servers, and cooks by their very nature

must use goods and materials like cash registers, credit card machines, cooking utensils, food, spices, beverages, and cooking equipment that have traveled through interstate commerce. *See* Dkt. No. 59 at 10. But Ecoquij-Tzep's complaint contains no allegations concerning the goods and materials that he and the other cashiers, servers, and cooks used. *Cf. Landeros v. Fu King, Inc.* 12 F. Supp. 3d 1020, 1024-25 (S.D. Tex. 2014). Instead, Ecoquij-Tzep's Second Amended Complaint "leaves the court asking what goods or materials did the employees handle or what instrumentalities of interstate commerce did they use. The court concludes it is not unreasonable to require the plaintiffs to answer these questions." *Centeno v. Facilities Consulting Group, Inc.*, No. 3:14-cv-3696-G, 2015 WL 247735, at *11 (N.D. Tex. Jan. 20, 2015).

Even viewing the factual allegations in the light most favorable to Ecoquij-Tzep, the Court cannot reasonably be expected to read these additional factual allegations into the complaint. Ecoquij-Tzep should understand the nature of his employer's business activities and be able to include some factual allegations indicating that his employer meets the commerce standard. *See Centeno*, 2015 WL 247735, at * 11. The court will not infer that Ecoquij-Tzep and other similarly situated employees handled goods and materials that traveled through interstate commerce, and, without those allegations, Ecoquij-Tzep fails to sufficiently plead enterprise coverage.

This is the third motion to dismiss in this case but the first motion to properly raise a challenge to Ecoquij-Tzep's pleaded enterprise coverage allegations. The Court will therefore grant Ecoquij-Tzep one last chance to replead these allegations or face dismissal of all of his FLSA claims.

II.    Ecoquij-Tzep has not sufficiently alleged joint enterprise.

Ecoquij-Tzep alleges that Le Arlington and Grand Fast Foods (the "corporate defendants") are part of a joint enterprise and that Shizhong Zhang, Ying Hui Wang, and Kong Shen Wang (the "individual defendants") are officers, directors, or managers of the business entities comprising the joint enterprise. Ecoquij-Tzep predicates this claim on the fact that he worked for both a Hawaiian Grill restaurant and a Famous Cajun Grill restaurant and that the two restaurants shared management personnel. *See* dkt. No. 49 at 4.

Defendants contend that Ecoquij-Tzep's joint enterprise allegations are conclusory and factually insufficient, and the Court agrees.

While an "enterprise" may consist of multiple entities, the entities must (1) perform related activities, (2) be under unified operation or common control, and (3) share a common business purpose. *See Dunlop v. Ashy*, 555 F.2d 1228, 1231 (5th Cir. 1977); 29 U.S.C. § 203®. Entities have a "common business purpose" when their activities "are directed to the same business objective or to similar objectives in which the group has an interest." 29 C.F.R. § 779.213. "A common business purpose exists if "the separate [entities] engaged in complementary business, and were to a significant degree operationally interdependent." *Reich v. Bay, Inc.*, 23 F.3d 110, 115-16 (5th Cir. 1994) (quoting *Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528, 530 (5th Cir. 1982)). This requires establishing "[m]ore than a common goal to make a profit." *Brennan v. Veterans Cleaning Servs., Inc.*, 482 F.2d 1362, 1367 (5th Cir. 1973). And, where "the activities are not performed as a part of such enterprise but for an entirely separate

and unrelated business, they will be considered performed for a different business purpose and will not be a part of that enterprise." 29 C.F.R. § 779.213.

Ecoquij-Tzep alleges that Le Arlington, Grand Fast Food, and at least one other entity, Megatrend Food Management, Inc., are part of a joint enterprise as defined by 29 U.S.C. § 203® because "the related activities between the various businesses, performed through unified operation and/or common control, are being done for a common business purpose." Dkt. No. 49 at 5. Ecoquij-Tzep alleges that the related activities include the operation of numerous restaurants under the MW Hawaiian Grill, Little Tokyo, and Famous Cajun Grill brands throughout the state of Texas. Ecoquij-Tzep further alleges that, according to the Texas Secretary of State, Ying Hui Wang and Kong Sheng Wang appear as officers, directors, or managers for both of the corporate defendants and Ying Hui Wang is the president of Megatrend Food Management, Inc. *See id.*

But that is not enough.

"'Activities are considered 'related' when they are 'the same or similar or when they are auxiliary or service activities such as warehousing, bookkeeping, purchasing, advertising, including, generally, all activities which are necessary to the operation and maintenance of the particular business.'" *Garza v. Deep Down, Inc.*, No. H-14-3184, 2015 WL 5883408, at *3 (S.D. Tex. Oct. 8, 2015) (quoting *Reich*, 23 F.3d at 114). Although Ecoquij-Tzep's alleges that he worked for two restaurants – Hawaiian Grill and Famous Cajun Grill – he does not allege any other facts showing how the two restaurants' activities are related other than that they "shared management

personnel." *Compare Rodriguez*, 2017 WL 76929, at *4. The Court cannot, without more, reasonably infer that the activities of the two alleged employer restaurants were the same or similar.

Ecoquij-Tzep also alleges that the two restaurants are under unified operation or common control because Ying Hui Wang and Kong Shen Wang are officers, directors, or managers of Le Arlington and Grand Fast Food and that Yin Hui Wang is the president of the other business entity alleged involved in the joint enterprise.

In assessing whether the requisite "common control" is present, the determinative question is whether a common entity has the power to control the related business operations. *See Donovan v. Easton Land and Dev., Inc.,* 723 F.2d 1549, 1552 (11th Cir. 1984) (citing *Shultz v. Mack Farland & Sons Roofing Co.,* 413 F.2d 1296, 1301 (5th Cir. 1969)). The test of common control is not ownership but rather whether there is a common control center with the ultimate power to make binding policy decisions for all units of the enterprise. *See Dunlop v. Ashy*, 555 F.2d 1228, 1231 (5th Cir. 1977). Here, Ecoquij-Tzep's allegations that the corporate defendants have common corporate officers is not sufficient to show that the individual defendants exercised common control over the corporate defendants.

Nor are they sufficient to show that the corporate defendants were under unified operation. A "unified operation" is defined as "combining, uniting, or organizing the performance of related activities so that they are in effect a single business unit or an organized business system which is an economic unit directed to the accomplishment of a common business purpose." *Garza*, 2015 WL 5883408, at *3 (citing 29 C.F.R. §

779.217). The common business purpose requires more than a common goal to make a profit. *See Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984). And, here, Ecoquij-Tzep alleges no facts to show that the activities of the corporate defendants were unified to accomplish a common business purpose.

Ecoquij-Tzep's joint enterprise allegations mention each of the requisite elements: related activities, unified operation/common ownership, and common business purpose. But those allegations lack sufficient factual allegations to sufficiently plead joint enterprise coverage. Because this is the first motion to dismiss to address these allegations, the Court will afford Ecoquij-Tzep one chance to replead the joint enterprise allegations.

III.   Ecoquij-Tzep sufficiently alleges joint employer claims.

Ecoquij-Tzep alleges "upon information and belief" that Le Arlington and Grand Fast Foods were his joint FLSA employers and that the individual defendants were his employers because they "ran the day-to-day operations of one or more of the Defendant Corporations for the relevant time period and [were] responsible for paying Plaintiff's wages during the relevant time period and controlled Plaintiff's work and schedule." Dkt. No. 49 at 2-3.

The Court addressed Defendants' employer status in its June 21, 2017 Memorandum Opinion and Order determined that Ecoquij-Tzep sufficiently alleged in his Second Amended Complaint that Defendants were his employers. *See* Dkt. No. 47 at 3, 12-14. For the same reasons, the Court will deny the motion to dismiss on this ground.

IV.    <u>Ecoquij-Tzep otherwise sufficiently alleges FLSA overtime violations.</u>

Ecoquij-Tzep alleged that, from December 3, 2014 through January 25, 2016, he worked an average of 70 hours per week and was paid in lump sum payments but was not paid the extra half-time rate for any overtime hours worked in excess of 40 hours. *See* Dkt. No. 49 at 5.

Defendants contend that this allegation is insufficient because it does not provide sufficient detail about the length and frequency of unpaid work.

The FLSA states that "no employer shall employ any of his employees ... employed in an enterprise engaged in commerce ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Here, Ecoquij-Tzep sufficiently pleads an overtime violation because he alleges that he was not paid overtime for an average of 30 overtime hours each week during a specified time period. *See Glover v. Quality Air Tech., Ltd.*, No. 3:13-cv-4725-D, 2014 WL 2883893, at *2 (N.D. Tex. June 25, 2014). And, contrary to Defendants' arguments, "[t]o state a plausible claim for unpaid overtime compensation under the FLSA, [Ecoquij-Tzep] is not obligated to allege specific details like the number of hours worked each week, or the weeks during which he was underpaid." *Id.*

V.    <u>Ecoquij-Tzep otherwise sufficiently alleges FLSA minimum wage violations.</u>

Ecoquij-Tzep also alleged that, from December 3, 2014 through January 25, 2016, he worked an average of 70 hours per week for Defendants. He further alleged

that he was paid a lump sum salary resulting in an average hourly rate of $6.00 per hour, in violation of the applicable FLSA's minimum wage of $7.25 per hour. *See* Dkt. No. 49 at 6-7.

Defendants argue that these allegations fail to put them on notice of the grounds on which Ecoquij-Tzep's minimum wage violation claim rests.

Ecoquij-Tzep alleges a specific time period during which the minimum wage violations occurred, the average effective hourly rate, they way in which he was paid resulting in minimum wage violations, and the average number of hours that he worked. These factual allegations, if proven, give rise to a plausible claim for relief and sufficiently allege a claim for FLSA minimum wage violations.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. No. 55]. The Court dismisses Plaintiff Pascual Ecoquij-Tzep's enterprise coverage and joint enterprise allegations without prejudice, with leave to amend to replead by **October 25, 2017**. If an amended complaint repleading these allegations is not filed by that date, Plaintiff Pascual Ecoquij-Tzep's claims – which all depend on allegations of enterprise coverage – will be dismissed with prejudice without further notice.

If an amended complaint is timely filed, the Court will then address Ecoquij-Tzep's proposed notice letter and consent form. *See* Dkt. No. 61 But, as an initial matter, the Court notes that the proposed notice letter appears to address only claims

for violations of the FLSA's overtime provisions and not claims for violations of the FLSA's minimum wage provisions, despite the Second Amended Complaint's collective action allegations (and the proposed consent form) that cover both.

SO ORDERED.

DATE: October 11, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE