# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |  |
|---|---|---|
| PASCUAL ECOQUIJ-TZEP, and all others similarly situated under 29 USC 216(b), | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-625-BN |
| LE ARLINGTON, INC. d/b/a MW HAWAIIAN GRILL also d/b/a MW'S HAWAIIAN GRILL also d/b/a LITTLE TOKYO and f/k/a SHUN FAR EL PASO, INC., GRAND FAST FOOD INC d/b/a FAMOUS CAJUN GRILL and also d/b/a FAMOUS WOK, SHIZHONG ZHANG, YING HUI WANG, and KONG SHEN WANG, | § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Le Arlington, Inc. d/b/a/ MW Hawaiian Grill also d/b/a MW's Hawaiian Grill also d/b/a Little Tokyo and f/k/a Shun Far El Paso, Inc. ("Le Arlington"), Grand Fast Food, Inc. d/b/a Famous Cajun Grill and also d/b/a Famous Wok ("Grand Fast Food"), Shizhong Zhang, Ying Hui Wang, and Kong Shen Wang (collectively, "Defendants") have filed a Rule 56 Motion for Summary Judgment. *See* Dkt. No. 117 (the "MSJ").

Plaintiff Pascual Ecoquij-Tzep has filed a First Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment, *see* Dkt. No. 138 (the "56(d) Motion"), "ask[ing] the Court to continue the submission of Defendants' Rule 56 Motion

for Summary Judgment (DE 117), and to allow [Ecoquij-Tzep] additional time to obtain evidence and conduct discovery, as authorized by Federal Rule of Civil Procedure 56(d)(2)," *id.* at 1.

Defendants filed a response in opposition, *see* Dkt. No. 143, and Ecoquij-Tzep filed a reply, *see* Dkt. No. 145.

For the following reasons, the Court GRANTS Plaintiff Pascual Ecoquij-Tzep's First Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment [Dkt. No. 138].

## Background

Ecoquij-Tzep sued Hawaiian Grill, his former employer, alleging that it failed to pay him the minimum wage or overtime, in violation of the Fair Labor Standards Act, 28 U.S.C. § 206, *et seq.* (the "FLSA").

As Ecoquij-Tzep notes, "[d]iscovery in this case was conducted in phases at the request of Defendant Le Arlington, Inc., with Phase 1 discovery limited to issues relating to certification and to identifying related corporate entities and potential individual and corporate defendants," and "[g]eneral Phase 2 discovery did not open until August 9, 2017 and was interrupted shortly thereafter by Defendants changing counsel." Dkt. No. 138 at 2.

According to Ecoquij-Tzep, his "counsel has been engaged in ongoing discussions with Defendants' counsel in an attempt to resolve a number of discovery disputes involving both written discovery requests and conducting depositions without requiring further intervention by the Court," and "[t]hese discussions are ongoing and involve,

among other things, Defendants raising the same type of objections to [Ecoquij-Tzep's] Phase 2 written discovery that the Court previously found to be improper during Phase 1 discovery in this very case and scheduling the Phase 2 depositions of the Defendants." *Id.*

Ecoquij-Tzep explains that, "[a]s it pertains to the [56(d) Motion], the discovery [Ecoquij-Tzep] is seeking is related to: 1) identifying which goods or materials regularly used and/or handled by Defendants' employees moved through interstate commerce prior to their use by the same; 2) identifying and locating evidence of and witnesses with knowledge of [Ecoquij-Tzep's] hours worked and Defendants timekeeping and payment practices; and, 3) identifying evidence of and witnesses with knowledge of Defendants' business structure and the relationship between the Defendants." *Id.* at 2-3.

As Ecoquij-Tzep notes, "[t]he current discovery period does not end until July 10, 2018"; "[t]he deadline for filing dispositive motions is July 10, 2018"; and "[a] class was conditionally certified in this case on June 21, 2017 and the class notice period does not end until February 27, 2018." *Id.* at 3 (citations omitted).

Ecoquij-Tzep explains that "Defendants filed their Rule 56 Motion for Summary Judgment with supporting brief and evidence [] on December 1, 2017, more than seven months before the end of the current discovery period"; that "Defendants' MSJ raises three issues: 1) whether [Ecoquij-Tzep] can establish minimum wage or overtime violations by the Defendants; 2) whether [Ecoquij-Tzep] can establish enterprise coverage under the FLSA; and, 3) whether [Ecoquij-Tzep] can establish that

Defendants comprise a joint enterprise as defined by the FLSA"; and that, "[t]hough listed as a fourth issue, Defendants' 'Bad Faith' argument simply reiterates their position that [Ecoquij-Tzep] cannot present sufficient evidence to prevail." *Id.* (citations omitted).

As "supported by the Affidavit of Joshua A. Petersen, included in the Appendix and incorporated herein by reference" – which states that "I have reviewed the file materials and personally drafted Plaintiff's First Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment" and "[t]he facts set out in paragraphs 1 through 14 of that Motion are true and correct," Dkt. No. 139 at App. 003 – Ecoquij-Tzep's 56(d) Motion "asks the Court to extend the time for [Ecoquij-Tzep] to respond to Defendants' MSJ until twenty-one days after the expiration of the current discovery period to enable [Ecoquij-Tzep] to conduct discovery and obtain the testimony and other evidence necessary to fully respond to Defendants' MSJ." *Id.* More specifically, he "asks the Court to continue the deadline for [Ecoquij-Tzep] to respond to Defendants' MSJ until July 31, 2018, which is twenty-one days after the current deadline to file dispositive motions (DE 114 at p. 7), so that [Ecoquij-Tzep] may take the depositions and conduct other discovery necessary to respond to and provide the evidence required for the Court to decide Defendants' MSJ pursuant to the applicable law and a complete factual record." Dkt. No. 138 at 10.

Defendants respond that,

[a]s required by Rule 56(d), the Plaintiff's affidavit in support [Ecoquij-Tzep's 56(d) Motion] has to set forth with "some precision" the plausible basis [Ecoquij-Tzep] believes additional time is required to obtain

evidence and facts in opposition to the Defendants' summary judgment motion on the minimum wage and overtime issue. Additionally, the Plaintiff's affidavit must state how further discovery will assist him in opposing the summary judgment. The affidavit is procedurally defective by merely states that the allegations in his motion are "true and correct". As such, [Ecoquij-Tzep's 56(d) Motion] itself does not address the requirements to prevail under Rule 56(d) as stated by the 5th circuit in both *Raby* and *Whitener*.

Neither the Affidavit nor [Ecoquij's 56(d) Motion] adequately address the need for additional information with regards to hours worked, minimum wage or overtime and joint enterprise challenges in the Defendants' [MSJ]. The pending oral deposition of the defendant individuals will not and cannot change or alter any of the facts and evidence provided already to [Ecoquij-Tzep] in discovery. [Ecoquij-Tzep] has not shown that further discovery will provide evidence creating a genuine issue of material fact as given in the Defendants' [MSJ]. Therefore, [Ecoquij's 56(d) Motion] should be denied.

Dkt. No. 143 at 5-6 (citations and emphasis omitted).

In reply, Ecoquij-Tzep notes that,

[i]n their Response, Defendants raise three primary arguments as to why Plaintiffs' Motion should be denied. First, Defendants argue that the affidavit in support of Plaintiff's Motion to Extend Time is insufficient. Second, Defendants contend that Plaintiff has not shown with sufficient precision and specificity what additional discovery he seeks in relation to Defendants' MSJ. Finally, Defendants argue that Plaintiff has "completed substantial written and oral discovery" and that any further discovery sought by Plaintiff is merely a "fishing expedition."

Dkt. No. 145 at 3 (citing Dkt. No. 143). Ecoquij-Tzep replies that (1) the affidavit in support of his 56(d) Motion is sufficient; (2) he "has identified what additional discovery he is seeking related to Defendants' MSJ"; and (3) "Defendants' representations regarding what discovery [Ecoquij-Tzep] has been able to complete are inaccurate." *Id.* at 3-7.

**Legal Standards**

Federal Rule of Civil Procedure 56(d) provides that the Court may defer a motion for summary judgment or allow time for a nonmovant to obtain affidavits or declarations or to take discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."). This rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

"[T]o justify a continuance, the Rule [56(d)] motion must demonstrate 1) why the movant needs additional discovery and 2) how the additional discovery will likely create a genuine issue of material fact." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534-35 (5th Cir. 1999) (construing former FED. R. CIV. P. 56(f)); *accord Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999) ("To obtain a continuance of a motion for summary judgment, a party must specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence." (internal quotation marks omitted)).

In response to a proper motion for a continuance to obtain further discovery, the Court may "(1) defer considering the [summary judgment] motion or deny it; (2) allow

time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d).

Rule 56(d) "discovery motions are broadly favored and should be liberally granted." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks omitted). The Court generally should grant "a continuance for additional discovery if [the nonmovant]: (i) requested extended discovery prior to [the Court's] ruling on summary judgment; (ii) placed [the Court] on notice that further discovery pertaining to the summary judgment motion was being sought; and (iii) demonstrated to [the Court] with reasonable specificity how the requested discovery pertained to the pending motion." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (citations omitted) (construing former FED. R. CIV. P. 56(f)).

But a Rule 56(d) "motion to re-open discovery [is] procedurally defective" – and therefore must be denied – if "a party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment [fails] to present an affidavit or declaration." *Leza v. City of Laredo*, 496 F. App'x 375, 377-78 (5th Cir. 2012) (per curiam). "To succeed on a Rule 56(d) motion, ... the party requesting discovery must provide an affidavit or declaration in support of the request that 'state[s] with some precision the materials he hope[s] to obtain with further discovery, and exactly how he expect[s] those materials w[ill] assist him in opposing summary judgment.'" *Whitener v. Pliva, Inc.*, 606 F. App'x 762, 765 (5th Cir. 2015) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993)).

And the nonmovant must "present specific facts explaining his inability to make

a substantive response ... and specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact" and defeat summary judgment. *Washington*, 901 F.2d at 1285 (internal quotations and citations omitted) (construing former FED. R. CIV. P. 56(f)). The nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby*, 600 F.3d at 561 (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). "Rather, a request to stay summary judgment under [Rule 56(d)] must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)). "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment.'" *Id.* (quoting *Access Telecom*, 197 F.3d at 720). The Court may also properly deny a Rule 56(d) where "the party filing the Rule 56(d) motion has failed to identify sufficiently specific or material evidence to affect a summary judgment ruling." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016); *accord Mendez v. Poitevent*, 823 F.3d 326, 337 (5th Cir. 2016) (affirming denial of Rule 56(d) motion where "Plaintiffs did not, moreover, identify specific facts below that would alter the district court's analysis," "[i]nstead, ... vaguely assert before this court that deposing the witnesses would have 'permitted [plaintiffs] to further discover the facts from the witnesses who saw the scuffle'" and, "[i]n other

words, ... did not demonstrate below how the additional discovery [would] likely create a genuine issue of material fact," but, "[i]nstead, the result of the discovery they sought was wholly speculative" (citations and internal quotation marks omitted)).

The party requesting the additional discovery or extension also must show that relevant discovery has been diligently pursued. *See Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). The Court may properly deny a Rule 56(d) motion where the movant has "not pursued discovery diligently enough to warrant relief under Rule 56(d)." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (internal quotation marks omitted).

## Analysis

### I.    The parties' arguments.

Ecoquij-Tzep argues that (1) his 56(d) "Motion is being filed before the Court rules on Defendants' MSJ and before the deadline to file a Rule 56(d)(2) motion set by the Court's Order of December 18, 2017 expires"; (2) he "has demonstrated that discovery pertaining to the summary judgment motion, particularly enterprise coverage pursuant to the FLSA, further evidence in support of [Ecoquij-Tzep's] hours worked and Defendants' timekeeping and payroll practices, and the business structure and relationships between and among the Defendants as it related to an FLSA joint enterprise analysis, has been and continues to be sought"; and (3) "the discovery is necessary with regard to the fact specific inquiry required in the context of FLSA coverage, [Ecoquij-Tzep's] hours worked and wages paid, and the relationship between and among the Defendants which form the basis of Defendants' MSJ." Dkt. No. 138 at

6-8.

As to the second requirement for a Rule 56(d)(2) continuance – that Ecoquij-Tzep placed the Court on notice that further discovery pertaining to the MSJ is being sought – Ecoquij-Tzep further explains that he

> has served written discovery and is attempting to coordinate with opposing counsel to schedule the depositions of the Defendants. Defendants' MSJ was filed more than seven months before the end of the current discovery period and the deadline to file dispositive motions. Due to Defendants' failure to properly answer written discovery and the difficulties encountered so far in scheduling the depositions of the Defendants and resolving the dispute regarding Defendants' responses to [Ecoquij-Tzep's] written discovery requests, [Ecoquij-Tzep] is still seeking discovery pertaining to Defendants' MSJ.
>
> Because general discovery under Phase 2 of the discovery plan in this case opened only recently and [Ecoquij-Tzep] is still working to obtain adequate responses to his initial written discovery to determine what documentary evidence Defendants do and do not have and what witnesses other than the parties may have knowledge of facts relevant to the disputed issues set out above, additional information is expected to be uncovered and [Ecoquij-Tzep] expects to seek and reserves the right to seek additional discovery flowing from any supplemental responses to [Ecoquij-Tzep's] written discovery requests provided by Defendants and the depositions of the Defendants. This additional discovery is expected to include, but is not limited to, depositions on written questions or document requests to Defendants' suppliers, additional written discovery requests directed to the Defendants, depositions of additional witnesses, and requests for entry onto land. In order to conduct this discovery in an efficient manner, [Ecoquij-Tzep] needs adequate responses to the basic discovery requests that [Ecoquij-Tzep] has already served. If the parties are unable to resolve these matters soon, a second motion to compel will need to be filed and resolved by the Court.

*Id.* at 7-8 (citations omitted).

And, as to the third requirement for a Rule 56(d)(2) continuance – that Ecoquij-Tzep demonstrate to the Court with reasonable specificity how the requested discovery pertained to the pending MSJ – Ecoquij-Tzep explains that

Defendants appear to be contesting enterprise coverage under the FLSA on the basis that they were not engaged in the production of goods for interstate commerce or directly engaged in interstate commerce. To establish enterprise coverage under the FLSA, [Ecoquij-Tzep] must prove: 1) that Defendants' enterprise had two or more employees engaged in commerce or in the production of goods for commerce, or had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and 2) that Defendants' enterprise had an annual gross volume of sales or business done of at least $500,000. Defendants Shizhong Zhang, Ying Hui Wang, Le Arlington, and Grand Fast Food have already admitted that Defendants Le Arlington and Grand Fast Food grossed $500,000.00 or more in business done during each of the years 2012 – 2017. Therefore, to establish enterprise coverage under the FLSA, [Ecoquij-Tzep] need only prove that Defendants had had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person during those same years. This will require discovery related to identifying specific goods and materials used by Defendants and the manufacturers and distributors of those goods and materials. [Ecoquij-Tzep's] initial Phase 2 written discovery requests seek this information.

As to the factually specific issue of [Ecoquij-Tzep's] hours worked, wages paid, and the resulting minimum wage and overtime violations, Defendant Shizhong Zhang has already testified that Defendants did not require [Ecoquij-Tzep] to accurately clock his time at least for a portion of [Ecoquij-Tzep's] employment with Defendants and that [Ecoquij-Tzep] was paid a lump sum regardless of the hours that [Ecoquij-Tzep] actually worked. As Defendants failed to keep accurate time records of [Ecoquij-Tzep's] hours worked, [Ecoquij-Tzep] need only produce sufficient evidence to show the amount and extent of his work as a matter of just and reasonable inference. To corroborate [Ecoquij-Tzep's] own recollection and testimony, [Ecoquij-Tzep] is seeking evidence from other witnesses that will most likely come in the form of deposition testimony from [Ecoquij-Tzep's] co-workers and the Defendants themselves. As a non-exhaustive example, [Ecoquij-Tzep's] co-workers are expected to testify regarding [Ecoquij-Tzep's] hours worked and Defendants' business practices including scheduling, timekeeping, and payroll practices.

The discovery [Ecoquij-Tzep] is seeking also pertains to the third issue raised in Defendants' MSJ: whether the Defendants comprise a joint enterprise as defined by the FLSA. A number of [Ecoquij-Tzep's] discovery requests are directed to identifying the business relationship between and among the Defendants and [Ecoquij-Tzep] is currently working with Defendants to schedule their depositions to obtain

testimony on this issue.

*Id.* at 8-10 (citations omitted).

And Ecoquij-Tzep asserts that his "inability to complete discovery prior to the Defendants filing their MSJ is no indication that [Ecoquij-Tzep] has not been diligent in pursuing discovery"; that, "[t]o the contrary, [Ecoquij-Tzep] has in the past and continues to pursue the depositions and other evidence necessary to respond to Defendants' MSJ"; and that "[t]he conduct engaged in by Defendants so far is exactly the type of conduct that Rule 56(d)(2) is designed to protect against." *Id.* at 10 (citations omitted).

And Ecoquij-Tzep finally contends that he "will suffer actual and substantial prejudice if not permitted to complete the discovery as described above"; that "Defendants seek summary judgment on fact-specific issues that would terminate [Ecoquij-Tzep's] case without allowing [Ecoquij-Tzep] a full opportunity to investigate the evidence and prepare a response to Defendants' MSJ"; that "[t]his request for continuance will not prejudice Defendants as it has been necessitated by Defendants' own pattern of practice and seeks only to comport with the deadlines governing discovery and the filing of dispositive motions set by the Court's current Scheduling Order"; and that his "request for continuance is not merely for delay, but so that justice may be done." *Id.*

In response, Defendants argue that,

[i]n seeking discovery under Rule 56(d), [Ecoquij-Tzep] states as an issue in dispute he needs additional discovery to determine hours worked in the alleged absence of accurate time records. However, this allegation by

[Ecoquij-Tzep] of "absence of accurate time records" clearly fictitious and without merit when the [Ecoquij-Tzep] under oath, testified by his own admission against interest, during the oral deposition he gave that his employer, Hawaiian Grill, had required all its employees to clock in their hours worked on a time card machine located right on the counter he worked. Therefore, the absence of accurate time records was only caused by [Ecoquij-Tzep's] intentionally disobedience to the employer's specific time-clock to "punch in" and "punch out" to show and record the hours he worked. Further, [Ecoquij-Tzep] also testify he had no other records kept by himself individually to challenge the existing employer's time-card for clock in and out record are the best and most accurate record existed and if they were not accurate, then only [Ecoquij-Tzep] is to be blamed for his own fault for not following the company time keeping policy. Just because none of the time cards show any overtime hours ever existed does not make the time record "inaccurate". Those time cards of the [Ecoquij-Tzep], along with all other employees' time cards have been turned over to [Ecoquij-Tzep] as part of the Defendants' response to [Ecoquij-Tzep's] discovery. The discovery responses include, not only time sheets and other records evidencing [Ecoquij-Tzep's] employment record with Hawaiian Grill, but also time sheets and other employees records of Hawaiian Grill for the time period [Ecoquij-Tzep] discovery had requested.

Additionally, [Ecoquij-Tzep] was provided time sheets and other employment records for all the employees of Grand Fast Foods Inc dba Cajun Grill, a restaurant in Humble, Texas. As stated in the Defendants' [MSJ], [Ecoquij-Tzep] was never employed with the Defendant Cajun Grill restaurant in Humble Texas as Grand Fast Foods only owns one (1) Cajun Grill and it is located in Humble, Texas, not in Dallas, Texas which appear has the same franchise name. Therefore, [Ecoquij-Tzep's] allegations in the 2nd Amended Compliant that he has worked for Grand Fast Food Inc. in his complaint is fictitious and misleading. In fact, by [Ecoquij-Tzep's] own sworn testimony, he worked for a third party "Cajun Grill" restaurant for only three (3) days before he quitted working for the same. [Ecoquij-Tzep] did not and cannot prove how [Ecoquij-Tzep] might work overtimes in merely working for the "Cajun Grill" in Dallas for three (3) days.

Dkt. No. 143 at 6-7.

And, Defendants assert, "[m]ore particularly, [Ecoquij-Tzep] failed to show with precision and specificity what evidence and facts that could be obtained through

additional discovery to oppose the summary judgment challenges to [Ecoquij-Tzep's]

FLSA claim raised in the Brief In Support Defendants' Rule 56 Motion For Summary

Judgment." *Id.* at 7. Defendants contend that

> [t]he Plaintiff's affidavit in support the motion for extension and the motion itself failed to address with precision what plausible basis he believes additional discovery may possible been found and obtained to influence the outcome of the pending summary judgment to address the following summary judgment facts:
> • [Ecoquij-Tzep's] oral testimony established there is no evidence to support he worked overtime with Hawaiian Grill.
> • [Ecoquij-Tzep] only worked for "Cajun Grill" in Dallas for another outside entity for three days;
> • [Ecoquij-Tzep] filed suit against Defendant Grand Fast Food Inc.'s but never worked at Cajun Grill in Humble, Texas;
> • [Ecoquij-Tzep] admitted that he was paid between $850.00 and $1,000.00 every two-weeks. Without showing [Ecoquij-Tzep] had worked overtime in the time card, there is no way to show he worked less than minimum wages for the hours he recorded on the time card.
> • The Defendants had adequate time keeping system and policy. Such records had been provided to [Ecoquij-Tzep] in discovery.
> • Based on the existing time cards records, [Ecoquij-Tzep] never worked more than 80-hours per two-week.
> • By his own admission [Ecoquij-Tzep] failed and refused to properly follow company payroll practice policy of clocking in and out.
> • [Ecoquij-Tzep] admitted in his oral deposition that the basis of this suit was because he should be compensated in the amount of $11,000.00, without any basis for how that amount was calculated other than his seeking revenge and desire to make a claim because he thought the Defendants have money to pay him, a malicious intent.
> • [Ecoquij-Tzep] has admitted under oath that there were no "similarly situated" as [Ecoquij-Tzep] working in Le Arlington, d/b/a/ Hawaiian Grill during his oral deposition.
> • [Ecoquij-Tzep] admitted he knew no other employees that work overtime and has not been paid with overtime paid and/or failed to get paid minimum wage based on the time-sheets and employment records provided to [Ecoquij-Tzep].
> The Plaintiff's affidavit (and the underlying motion for extension) is devoid of what specific facts and evidence that could possible to overcome the above undisputed facts established and for what facts or evidence that may be used upon future discovery can be used to impeach

the above [Ecoquij-Tzep's] key admissions against interest.

*Id.* at 7-9.

As for the issue of whether Ecoquij-Tzep can establish that Defendants comprise a joint enterprise as defined by the FLSA, Defendants argue that, "[a]s supported by the attached affidavit of Xenos Yuen and the attached discovery responses in the Appendix #2, attached to this response, [Ecoquij-Tzep] has already been provided more than sufficient documentary evidence that the Defendants have in their possession, oral and written deposition testimony with regards to the Defendants' summary judgment motion challenge to the joint enterprise claims." *Id.* at 9. According to Defendants,

> [t]his includes: (i) discovery responses regarding the Defendants related activities; (ii) which is basically two separate and different franchise restaurants, located in two different cities, under separate management, with different purchasing of supplies and goods, unrelated hiring practices, no unified operations and common control and (iii) establish that there is any common business purpose. [Ecoquij-Tzep] was also provided responses to written deposition regarding Megatrend Food Management Inc. which establishes that there is no connection between this company and the Defendant restaurants. The only connection between Defendant Ying Wang and Megatrend Food Management Inc. was that he provided consulting to other restaurant franchise owners, none of which have any ownership or interest in the Defendant restaurants. As stated above the pending oral deposition of the defendant individuals will not change or alter any of the facts and evidence provided already to [Ecoquij-Tzep] in discovery regarding the joint enterprise claim. [Ecoquij-Tzep] has not shown that further discovery will provide evidence creating a genuine issue of material fact.

*Id.* at 9-10 (citation omitted).

And, Defendants contend, "the Plaintiff's affidavit (and underlying motion) is procedurally defective and does not comport with the requirements of Rule 56(d)";

Ecoquij-Tzep's 56(d) Motion "failed to identify sufficiently specific additional and undiscovered facts related to joint he could obtain from oral deposition of the Defendant individuals other than his vague assertions"; and, "[p]articularly, [Ecoquij-Tzep] failed to show in the Affidavit and motion for extension of time what basis [Ecoquij-Tzep] believes additional fact and evidence is needed to prove the Defendants (1) perform related activities; (2) are under unified operation or common control; and (3) share a common business purpose, given the facts, evidence and responses to discovery already provided." *Id.* at 10 (citation omitted). And Defendants further assert that Ecoquij-Tzep "admitted under oath during his oral deposition that (i) he had never see any organization chart; (ii) that henever saw any corporate documents, never seen financial statement of any kind of Le Arlington, d/b/a/ Hawaiian Grill during any time he during his employment; (iii) that he was never involves in any purchases of any good and services for Hawaiian Grill while [Ecoquij-Tzep] was working in Hawaiian Grill in Dallas; (iv) that [Ecoquij-Tzep] never was employed by Defendant Cajun Grill, despite fictitious allegations in his Third Amended Complaint that he was so employed and; (vi) the unrelated Cajun Grill restaurant [Ecoquij-Tzep] did work for he only was employed 3 days and had no proof of his employment" and that "[t]he Plaintiff Affidavit and [56(d) Motion] likewise does not address specifically what discovery he seeks to oppose these (his own) admissions." *Id.*

Finally, Defendants argue that Ecoquij-Tzep "has completed substantial written and oral discovery and should NOT be allowed a further 'fishing expedition' for discovery to delay Defendants' [MSJ]." *Id.* at 11. They explain that Ecoquij-Tzep

has been provided discovery responses to several sets of written discovery, including interrogatories, requests for production and requests for admission as it has stated in [Ecoquij-Tzep's 56(d) Motion] and the Appendix thereto. [Ecoquij-Tzep] has already been provided through discovery with all of the evidence and facts from which the Defendants base their summary judgment motion. [Ecoquij-Tzep] has not demonstrated how additional discovery will alter the outcome of the Defendants' pending summary motion. Documentary evidence that were responsive to the in the possession of the Defendants that were responsive to [Ecoquij-Tzep] multiple discovery requests for almost one year have been provided.

As supported by the affidavit of Xenos Yuen, the Defendants, after diligent efforts provided [Ecoquij-Tzep] with all documents that were in their possession responsive to [Ecoquij-Tzep's] discovery requests. The standard for determining the adequacy of the Defendant's search documents responsive to [Ecoquij-Tzep's] request is "whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." *See Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *accord, e.g.*, *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007). [Ecoquij-Tzep] has not established that additional discovery will produce any more documentary evidence he already has been afforded by the Defendants.

More particularly, since retaining new counsel, the Defendants have supplemented and amended discovery responses to [Ecoquij-Tzep], submitted by the previous defense counsel, including addressing the [Ecoquij-Tzep's] concerns for "boiler plate" responses. Accommodations were made to facilitate [Ecoquij-Tzep's] request to take additional oral depositions of the Defendants, despite the fact that such depositions will not alter the summary judgment facts nor alter the burden that [Ecoquij-Tzep] has under Rule (56) which [Ecoquij-Tzep] has not met.

*Id.* at 11-12.

And, Defendants contend, Ecoquij-Tzep's counsel "refused to participate in the written discovery of Ying Hui Wang," when "Defendants noticed the written deposition of Ying Hui Wang for January 11, 2018 to further address any prospective joint enterprise claims and support the Defendants previous assertions in discovery responses and pleadings that there is not a 'joint enterprise' by and between the

Defendants and with Megatrend Food Management Inc and either of the Defendants." *Id.* at 12. Defendants explain that they "felt [that] this was a low-cost discovery method to establish that between the Defendants and Megatrend Food Management Inc there were none of the FLSA elements to support a 'joint enterprise' claim," and "[t]he Written Deposition response is in Appendix item 2 in support of this response and which shows that between the Defendants and Megatrend Food Management Inc there are no (1) perform related activities; (2) unified operation or common control; and (3) share a common business purpose." *Id.*

According to Defendants, Ecoquij-Tzep "refused to participate in this written discovery despite being noticed and despite attempts brought before the Court to have a federal certified interpreter in the process," but, if he "was interested in additional time to conduct discovery related to its perceived joint enterprise claim [Ecoquij-Tzep] would have propounded even a few written questions and would tend to support that the [56(d) Motion] is in bad faith." *Id.*

Defendants argue that "[i]t would appear that [Ecoquij-Tzep], in requesting an extension of time for the length of time he is seeking, is attempting to conduct a 'fishing expedition' in the hopes of obtaining some prospective FLSA plaintiff from some unrelated employer and therefore in bad faith," where, "to support this plaintiff's claim would mean to impeach him" because "Plaintiff's Third Amended Complaint alleged that the Defendants were engaged in operating restaurants in multiple cities in Texas and even mentioned Megatrend Foods Management Inc. as a related entity which [Ecoquij-Tzep] did not name as a party to this action" and where Ecoquij-Tzep

"has already been provided sufficient facts and discovery responses that challenge his assertion for joint enterprise claim purposes of multiple companies operating in several cities in Texas." *Id.* at 11-12. Defendants contend that Ecoquij-Tzep "should not be allowed to extend and drag out discovery with the hopes of finding potential FLSA plaintiffs from other unrelated entities" after Ecoquij-Tzep "was provided a list of employees of the defendant restaurants and it would appear that there are no past or present 'similarly situated' employees of the Defendants that have or will joined into this lawsuit." *Id.* at 12.

Ecoquij-Tzep replies that, although "Defendants contend that the affidavit in support of Plaintiff's Motion to Extend Time is procedurally defective because it lacks sufficient specificity," "[t]he affidavit states that the facts set out in paragraphs 1 through 14 of the Motion to Extend Time are true and correct," and "[t]he facts set out in paragraph 7 of the Motion to Extend Time address the specific issues on which Plaintiff is attempting to conduct discovery related to Defendants' MSJ and contain references to the specific requests Plaintiff has propounded, including requests for production of specific documents, answers to specific interrogatories, and identification of specific witnesses who are believed to have knowledge of facts relevant to these issues and will need to be deposed." Dkt. No. 145 at 3 (citations omitted). According to Ecoquij-Tzep, "[t]his is significantly greater detail than that provided in *Whitener v. Pliva, Inc.*, 606 F. App'x 762 (5th Cir. 2015), cited by Defendants, wherein the party seeking an extension appears to have simply argued that unidentified additional discovery would substantiate a theory without referring to any specific materials that

would actually accomplish that." *Id.*

Ecoquij-Tzep further replies that, while "Defendants next argue that Plaintiff does not need to conduct additional discovery regarding his actual schedule because it is Plaintiff's fault that accurate records do not exist," "Defendant Le Arlington, Inc.'s corporate representative has already testified that [Ecoquij-Tzep] was never paid by the hour and Defendants did not ask that he track his hours worked for at least a portion of the time period that [Ecoquij-Tzep] worked for Defendants." *Id.* at 4 (citation omitted). Ecoquij-Tzep notes that "[t]he duty to keep accurate time records falls squarely on the shoulders of the employer, not the employee" and that, "[w]hen the employer fails to keep accurate time records, the employee may meet his or her burden to prove hours worked by producing sufficient evidence to show the amount and extent of work performed as a matter of just and reasonable inference." *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); 29 C.F.R. § 516.2). According to Ecoquij-Tzep, "[i]n this particular case, Defendants did not keep accurate time records," and Ecoquij-Tzep "specifically identified the type of deposition testimony he is seeking from additional witnesses, including co-workers that will be able to assist in establishing Plaintiff's hours worked as a matter of just and reasonable inference, that he requested be identified in his written discovery requests in the Motion to Extend Time." *Id.* (citations omitted).

And, as to Defendants' argument "that Plaintiff has not identified what additional discovery will be relevant to his allegations regarding work performed by Plaintiff at a 'Cajun Grill' branded restaurant," Ecoquij-Tzep contends that he

"identified specific discovery requests related to determining the business relationship between and among the Defendants as well as the scheduling of the depositions of the Defendants as discovery that [Ecoquij-Tzep] needs to conduct to be able to fully address the joint enterprise in this case." *Id.* at 4-5 (citation omitted). And, although, "[i]n this same argument, Defendants appear to attempt to address the employer status of Defendant Grand Fast Foods, Inc.," Ecoquij-Tzep notes that "Defendants did not move for summary judgment on the employer status of Defendant Grand Fast Foods, Inc." *Id.* at 5 (citing Dkt. Nos. 117 & 118; N.D. TEX. L. CIV. P. 56.3). Ecoquij-Tzep argues that, because "Defendants did not move for summary judgment on this issue, [Ecoquiz-Tzep] could only address the joint enterprise summary judgment issue Defendants did raise as it relates to Defendant Grand Fast Foods, Inc.," and "Defendants cannot use their Response to Plaintiff's Motion to Extend Time to expand the scope of Defendants' MSJ." *Id.* (citations omitted).

Ecoquij-Tzep further replies that – as to "[t]he next issue raised by Defendants relat[ing] to the discovery responses provided by Defendants," in which "Defendants contend that they have provided [Ecoquiz-Tzep] with sufficient discovery responses to respond to Defendants' MSJ" – "[t]his is clearly a disputed issue as set out in Plaintiff's Motion to Extend Time and as evidenced in the correspondence between counsel for [Ecoquij-Tzep] and counsel for Defendants submitted in the Appendix in Support of Plaintiff's Motion to Extend Time." *Id.* (citations omitted). Ecoquij-Tzep asserts that, while his counsel "has engaged in a lengthy attempt to resolve this issue without the necessity of filing a motion to compel, it is apparent that filing such a motion will

almost certainly be necessary at this juncture to resolve the remaining discovery related issues," and, "[f]urthermore, the Court has ordered the depositions of the Defendants to go forward no later than February 10, 2018." *Id.* at 5-6 (citations omitted).

According to Ecoquij-Tzep, "[t]he mere fact that Defendants believe they will be successful on the merits of their summary judgment motion does not mean that Defendants may preclude [Ecoquij-Tzep] from conducting the discovery necessary to prove his case pursuant to the Court's Scheduling Order," just as, pursuant to "the principal underlying Rule 56(d)," "a party generally may not file a motion to preclude the non-movant from conducting discovery necessary for the non-movant to prove its case unless the non-movant has not been diligent in pursuing discovery." *Id.* at 6 (citations omitted). Ecoquij-Tzep contends that "[t]his is of particular importance in this case because [Ecoquij-Tzep], as an entry-level worker, has access to a much more limited knowledge base concerning the arrangements between the Defendants concerning their business relationships, particularly as the individual Defendants are all managers, owners, or officers within the Defendants that are business entities," and "[t]he depositions of the Defendants are necessary for Plaintiff to fully address the joint enterprise and enterprise coverage issues raised by Defendants' MSJ as the Defendants are the persons likely to have knowledge regarding the business relationship between and among the Defendants and the place of origin of the goods and materials used by Defendants' employees." *Id.* at 6-7.

Finally, Ecoquij-Tzep replies,

[w]hile Defendants have provided responses to Plaintiff's written discovery requests, there remains a dispute between the parties as to the adequacy of those responses. By way of non-exhaustive examples, Plaintiff's Interrogatory No. 5 to Le Arlington, Inc. and No. 6 to Grand Fast Food, Inc. seeks contact information for Defendants' suppliers. This information is relevant and critical to the enterprise coverage analysis in this case as Defendants' suppliers are likely to have knowledge regarding whether or not the goods and materials regularly handled by Defendants' employees moved through interstate commerce prior to their use by Defendants' employees. Defendant Le Arlington, Inc. objected to Plaintiff's Interrogatory No. 5 on the basis that Defendants' have previously provided "employee information" and have no responsive documents. These objections are not even related to the question posed by Interrogatory No. 5.

Defendant Grand Fast Food, Inc. initially refused to answer Interrogatory No. 6 directed to it on the basis that the identities of its suppliers are "sensitive business information," this is not a proper objection under the Federal Rules of Civil Procedure either. Furthermore, Defendant Grand Fast Food's Amended Responses to Plaintiff's First Set of Interrogatories not only attempts to provide one answer to three different interrogatories, but also attempts to raise entirely new objections well after the deadline to answer this written has passed. After the filing of Plaintiff's Motion to Extend Time, Defendants did provide what purports to be a list of suppliers. However, that list appears to be incomplete and does not provide all of the information requested in Plaintiff's Interrogatories Nos. 5 and 6.

Defendants contend that Plaintiff refused to participate in the deposition on written questions of Ying Hui Wang. The first issue with this contention is that Plaintiff was never properly served with notice of the deposition on written questions of Ying Hui Wang. Defendants attempted to serve the notice via email and facsimile only. These are both forms of electronic service and electronic service is only authorized under the Federal Rules of Civil Procedure if the party being served has provided explicit prior written consent to be served via electronic service or by use of the court's transmission facilities if a local rule so authorizes. Plaintiff's counsel has no recollection of ever providing Defendants with written consent to be served only by electronic service and Defendants have brought forward no evidence of such consent in support of their Response. Furthermore, the notice did not state the name or descriptive title and the address of the officer before whom the deposition will be taken as required by Federal Rule of Civil Procedure 31(a)(3).

In addition, the "Certificate to Deposition Upon Written Questions" indicates only that Ying Wang signed the answers to the written

questions before a notary and that they were translated into his language and he was satisfied with his English language responses. This does not comply with Federal Rules of Civil Procedure 30(c), 30(f), and 31(b). Rule 31(b) requires the officer to proceed in the manner provided in Rule 30(c), (e), and (f). Rule 30(c) requires the examination and cross-examination to proceed as they would at trial with the officer or a person acting in the presence and under the direction of the officer recording the witness's testimony. Rule 30(f) requires the officer before whom the deposition is taken to certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony and the certificate of the officer must accompany the record of the deposition. In the present matter, the officer did not provide the certification required by Rule 30(f) and it appears that Defendant Ying Hui Wang allegedly answered the written questions outside the presence of the officer or a person acting in the presence and under the direction of the officer in violation of Rule 30(c). Finally, the Court ordered that the oral deposition of Defendant Ying Wang will proceed no later than February 10, 2018 and Defendants did not seek leave to take a second deposition of Defendant Ying Wang as required by Federal Rule of Civil Procedure 31(a)(2)(A)(ii). Plaintiff therefore objects to the Deposition by Written Questions of Ying Wang offered as evidence by Defendants as (DE 144-2).

Defendants' final argument that Plaintiff is attempting to conduct a "fishing expedition" searching for additional opt-in plaintiffs is naught but a red herring. Class certification in this case is proceeding under Court supervision and pursuant to the terms and schedule set by the Court. If no additional plaintiffs opt-in to this lawsuit, Plaintiff will proceed on his individual claim. Plaintiff is simply seeking to be able to conduct the discovery necessary to respond to the fact-specific issues raised in the early-filed Defendants' MSJ pursuant to the Court's Scheduling Order and Federal Rule of Civil Procedure 56(d). The discovery Plaintiff seeks as set out in his Motion to Extend Time is necessary for Plaintiff to respond fully to Defendants' MSJ and to present evidence to support and prove his claims.

*Id.* at 7-10 (citations omitted).

II.    Ecoquij-Tzep has made the required Rule 56(d) showing.

The Court determines that Ecoquij-Tzep placed the Court on notice that further

discovery pertaining to the summary judgment motion was being sought and requested

extended discovery prior to the Court's ruling on summary judgment; that Ecoquij-

Tzep has pursued discovery diligently enough to warrant relief under Rule 56(d); that Ecoquij-Tzep demonstrated with reasonable specificity how the additional discovery pertains to the pending MSJ and will likely create a genuine issue of material fact; and that Ecoquij-Tzep has filed the required affidavit supporting his 56(d) Motion.

As to Ecoquij-Tzep's diligence, Ecoquij-Tzep has been pursuing written discovery from Defendants pertinent to the issues actually raised in the MSJ regarding enterprise coverage, alleged minimum wage or overtime violations by Defendants, and whether Defendants comprise a joint enterprise for FLSA purposes, and Ecoquij-Tzep will be taking Defendants' depositions in the coming months. The Court will not count against Ecoquij-Tzep for these purposes his counsel's not further participating in a deposition on written questions of a defendant that was noticed only after the Court had ordered that Ecoquij-Tzep's counsel may take that defendant's oral deposition.

Further, Ecoquij-Tzep demonstrated with reasonable specificity how the additional discovery is necessary to oppose the MSJ. Defendants' confidence in the strength of their positions on the issues in their MSJ does not negate Ecoquij-Tzep's right to seek discovery to meet his burden on those matters, including discovery seeking from other sources evidence of hours that Ecoquij-Tzep may have worked notwithstanding Defendants' production of their time records and their argument that Ecoquij-Tzep is to blame for any alleged deficiencies in those records; discovery seeking evidence to support a joint enterprise finding notwithstanding the discovery on that issue to date; and discovery seeking evidence to support a finding of enterprise coverage notwithstanding any testimony by Ecoquij-Tzep regarding his own personal

lack of knowledge of relevant aspects of Defendants' business practices.

And, as Ecoquij-Tzep explained in his reply, his counsel's affidavit affirmed specific factual content in the 56(d) Motion itself and thereby satisfied the procedural requirement for a Rule 56(d) motion.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS Plaintiff Pascual Ecoquij-Tzep's First Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment [Dkt. No. 138] and ORDERS that the deadline for Plaintiff Pascual Ecoquij-Tzep to respond to Defendants' Rule 56 Motion for Summary Judgment [Dkt. No. 117] is extended to **July 31, 2018** – 21 days after the current deadline to file dispositive motions – so that Ecoquij-Tzep may take the depositions and conduct other discovery necessary to respond to and provide the evidence required for the Court to decide Defendants' MSJ pursuant to the applicable law and a complete factual record – and that Defendants may file a supplemental or second motion for summary judgment, if appropriate based on further discovery in this matter, on (but not earlier than) **July 10, 2018**.

SO ORDERED.

DATE: January 23, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE