IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PASCUAL ECOQUIJ-TZEP, and all others similarly situated under 29 USC 216(b), | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-625-BN |
| LE ARLINGTON, INC. d/b/a MW HAWAIIAN GRILL also d/b/a MW'S HAWAIIAN GRILL also d/b/a LITTLE TOKYO and f/k/a SHUN FAR EL PASO, INC., GRAND FAST FOOD INC d/b/a FAMOUS CAJUN GRILL and also d/b/a FAMOUS WOK, SHIZHONG ZHANG, YING HUI WANG, and KONG SHEN WANG, | § § § § § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER[1]

Defendants Le Arlington, Inc. d/b/a/ MW Hawaiian Grill also d/b/a MW's

Hawaiian Grill also d/b/a Little Tokyo and f/k/a Shun Far El Paso, Inc., Grand Fast

Food, Inc. d/b/a Famous Cajun Grill and also d/b/a Famous Wok, Shizhong Zhang, Ying

Hui Wang, and Kong Shen Wang (collectively, "Defendants") have filed a Fourth

Motion to Dismiss under Rule 12(b)(1). *See* Dkt. No. 169 (the "Fourth MTD").

Defendants assert that Plaintiff Pascual Ecoquij-Tzep "brought this action as a

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

collective action under 29 U.S.C. §216(B) on behalf of all other similarly situated"; that Ecoquij-Tzep "has not filed a written consent form and there are no other prospective plaintiffs similarly situated as defined and required under the FLSA"; that Ecoquij-Tzep "has not filed for relief on an individual basis"; and that, "[a]cccordingly, the Defendants respectfully requests [that the Court] dismiss the Plaintiff's lawsuit for lack of subject matter jurisdiction and award Defendants just costs under 28 U.S.C. §1919 and such other and further relief as this Honorable Court deems just and proper." *Id.* at 7.

Ecoquij-Tzep filed a response, *see* Dkt. No. 177, and Defendants filed a reply, *see* Dkt. No. 179.

## Background

The pertinent factual background and procedural background is familiar to the parties and will not be recounted at length here except as necessary in the Court's analysis and conclusions below. In short:

- Ecoquij-Tzep, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), sued Defendant Hawaiian Grill a/k/a MW Hawaiian Grill, as his former employer, alleging that it failed to pay him the minimum wage or overtime, in violation of the Fair Labor Standards Act, 28 U.S.C. § 206, *et seq.* (the "FLSA"). *See* Dkt. No. 1 at 1. Ecoquij-Tzep asserted that "[t]his case is brought as a collective action under 29 U.S.C. § 216(b)." *Id.*

- Defendant Hawaiian Grill filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see* Dkt. No. 6, which was granted in part and denied in part,

*see* Dkt. No. 10.

- This pattern has repeated itself with each amended complaint – although Ecoquij-Tzep added defendants in his Second Amended Complaint – until the Court denied Defendants' Amended Third Motion to Dismiss [Dkt. No. 93] as to Ecoquij-Tzep's Third Amended Complaint Under 29 U.S.C. §§ 201-216 Overtime and Minimum Wage Violations [Dkt. No. 84 (the "Third Amended Complaint")]. *See* Dkt. Nos. 11, 13, 24, 49, 55, 84, 90, & 137.

- In the Third Amended Complaint, Ecoquij-Tzep brings the FLSA claims on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b) and again asserts that the case is brought as a collective action under 29 U.S.C. § 216(b). *See* Dkt. No. 84.

- By the time Ecoquij-Tzep filed the Third Amended Complaint, the Court had already granted Plaintiff's Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b) [Dkt. No. 33]. *See* Dkt. No. 48.

- In a February 28, 2018 Notice that Plaintiff's Counsel Has Not Received Any Signed Consent Forms, Ecoquij-Tzep reported that, "[p]ursuant to the Court's Amended Phase 2 Scheduling Order (DE 114), the Opt-In Period lasted until February 13, 2018 and the deadline for Plaintiff's counsel to file consent forms with the Court was February 27, 2018"; that, "[a]s of the end of business on February 27, 2018, the office of Plaintiff's counsel had not received any signed consent forms and thus there were no consent forms to file with the Court"; and that "Plaintiff respectfully requests that the Court take notice that Plaintiff's

counsel did not receive any signed consent forms during the Opt-In Period." Dkt. No. 162 at 1.

- Thereafter, in a March 13, 2018 Status Report regarding Plaintiff's Motion for Entry of Order Requiring Parties to Mediate Within Forty-Five Days, Ecoquij-Tzep reported that, "[w]hile a class was conditionally certified in this case on June 21, 2017, no opt-in plaintiffs returned opt-in consent forms during the Opt-In Period" and that, "[t]herefore, at this time Plaintiff will proceed only on his individual claim." Dkt. No. 172 at 2.

- Ecoquij-Tzep has not filed a consent form in this case.

## Legal Standards and Analysis

29 U.S.C. § 216 provides that "[a]n action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

29 U.S.C. § 256 provides that, "[i]n determining when an action is commenced for the purposes of [29 U.S.C. § 255], an action commenced on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair

Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant – (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or (b) if such written consent was not so filed or if his name did not so appear – on the subsequent date on which such written consent is filed in the court in which the action was commenced." Under 29 U.S.C. § 255, "[a]ny action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act – (a) if the cause of action accrues on or after May 14, 1947 – may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). And the United States Court of Appeals for the Fifth Circuit has held that written consent is not required for a FLSA plaintiff proceeding on an individual basis. *See Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984) ("It is clear that a plaintiff does not need to file a written consent if an individual action is maintained.").

In a Section 216(b) collective action, courts have held that, if written consent is filed late for a named plaintiff party, it only affects when the Section 255(a) statute of limitations ran based on Section 256(b)'s provisions. *See* 29 U.S.C. § 216(b); 29 U.S.C.

§ 256; *Songer v. Advanced Bldg. Servs., LLC*, Civ. A. No. H-14-3154, 2015 WL 5147579

(S.D. Tex. Sept. 2, 2015). The *Songer* court explained:

> Section 216(b) does not require the complaint and the named plaintiff's written consent to be filed at the same time. To be sure, a plaintiff must file written consent with the court to become an FLSA party plaintiff; filing the complaint is not enough. *See Donovan v. Univ. of Texas at El Paso*, 643 F.2d 1201, 1208 (5th Cir. 1981). But the FLSA explicitly contemplates that a plaintiff may file an FLSA complaint and at some later time file his or her written consent. Section 256(b) states that if a party plaintiff named in the complaint does not file his written consent on the date when the action was brought, the action is considered commenced as to that plaintiff on the date he or she does file written consent. *See* 29 U.S.C. § 256(b).

*Id.* at *2.

Here, Ecoquij-Tzep still has not filed a written consent. And his argument that Defendants' argument does not properly sound in Rule 12(b)(1) and that this latest motion to dismiss is therefore untimely and barred by Federal Rule of Civil Procedure 12(h)(2) may be well-taken. But, even if it is not, the Court determines that Ecoquij-Tzep's individual FLSA claims were timely filed and may proceed.

The issue here appears to come down to what Ecoquij-Tzep was or is required to do to bring FLSA claims on an individual basis and whether he may now so proceed in the face of Section 255(a)'s statute of limitations.

Where a district court has denied conditional certification and the "case is to proceed as an individual action and not a collective one," one court has recently held that the named plaintiffs "are not required to file written consent in order to commence the action for statute of limitations purposes." *Trevino v. RDL Energy Servs., L.P.*, No. 4:14-cv-01936, 2017 WL 4950090, at *3 (S.D. Tex. Nov. 1, 2017).

And another court in this circuit recently determined that, where "a plaintiff must file a written, signed consent to bring a claim in a collective action under the FLSA," the consent of the named plaintiff – who only filed a written consent after the court granted conditional certification and after the opt-in period closed – "was untimely and [] he is not a member of the class." *Espinosa v. Stevens Tanker Div., LLC*, No. SA-15-CV-879-XR, 2017 WL 6021861, at *7-*8 (W.D. Tex. Dec. 5, 2017). But, the Court held,

> [a]lthough he is not a member of the class, [Plaintiff Michael] Espinosa can still bring an individual claim. ....
> Espinosa sufficiently states an individual claim that meets the Rule 8(a) standard and gives Defendant fair notice. In his complaint, Espinosa alleges that he was not properly compensated for overtime pay and was misclassified as an exempt employee. Docket no. 1 at 2-3. Espinosa alleges that Defendant violated 29 U.S.C. §§ 206, 207, and 215(a)(2) "by employing employees in an enterprise engaged in commerce ... within the meaning of the FLSA ... for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week." *Id.* at 4. Espinosa also alleges that Defendant knowingly, willfully, or with reckless disregard failed to pay overtime compensation. *Id.* at 3. Plaintiff's final paycheck was issued on November 14, 2014, so his complaint filed on October 12, 2015, was within the two-year limitations period for the FLSA. Thus, Plaintiff sufficiently states an individual claim under the FLSA.

*Id.* at *8. In that case, the Court explained that "Plaintiff filed this Fair Labor Standards Act ('FLSA') collective action 'on behalf of all similarly situated present and former employees of Defendant who were either misclassified and/or not properly paid for all overtime due and/or not paid for all hours worked.'" *Id.* at *1 (citation omitted).

But another court in this circuit has held that, in an action commenced as a Section 216(b) collective action, the FLSA claims of named plaintiffs "who did not work

at [the defendant employer] within the three years prior to filing consents (or prior to now if they did not file consents) are time-barred." *Nguyen v. Portable Prod. Servs., L.P.*, Civ, A, No. H-13-00880, 2014 WL 843249, at *5 (S.D. Tex. Mar. 4, 2014). That decision strictly held the named plaintiffs to their efforts from the outset – and in an amended complaint to bring a collective action – and explained that, "[w]hile Plaintiffs' arguments in response to the motion for summary judgment imply that they intend to abandon their claims on behalf of similarly situated individuals, they have neither amended nor filed a motion to amend their complaint to remove these allegations." *Id.* at *7 n.7. The court explained that Section 256

> ensures that "members of the class of unnamed plaintiffs who wished to participate in, and be bound by, the action identify themselves for the benefit of the defendant." *Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984). Consent is required for parties to a collective action under the FLSA, but it is not required for named plaintiffs who simply jointly file a suit under the FLSA. *Id.* With regard to named plaintiffs who jointly file suit, the Fifth Circuit has noted that "parties named in a suit, who have hired a lawyer to file a complaint on their behalf, have clearly indicated their consent to suit." *Id.* (holding that the collective action requirement of written consents did not apply under the facts of that case as it had never "evolved into a collective or class action since no unnamed plaintiff ever came forward and filed a written consent to the suit").

*Id.* at *4.

But, the court explained, citing case law from outside this circuit, that, although "Plaintiffs attempt to argue that the fact that a class has not been certified magically transforms this case into a multi-party claim," "[t]he statute, however, plainly states that 'in the case of a collective or class action instituted under the Fair Labor Standards Act,' the suit is not considered 'commenced' for the purposes of the statute

of limitations until the complaint is filed *and* written consent to become a party plaintiff is filed in court," and that, "if a lawsuit is filed as a collective action and not converted to an action on behalf of only the named plaintiffs, the requirement to file a consent remains intact, and courts will dismiss any named plaintiffs who have not filed consents." *Id.* at *4, *5 (emphasis in original).

Like the named plaintiff in *Espinosa*, and unlike the named plaintiff in *Songer* (in which conditional certification was not yet resolved), Ecoquij-Tzep never filed a written consent before or within the opt-in period or, for that matter, within the two-year statute of limitations on his claims, which he alleges arise from his having "worked for Defendants as a cashier and server from on or about December 3, 2014 through on or about January 25, 2016." Dkt. No. 84 at 3. He was never a member of the certified class.

But Ecoquij-Tzep has now, in a filing made after the opt-in period ended and outside the two-year limitations period, clearly stated – albeit not in a motion for leave to amend or in an amended complaint – that "[w]hile a class was conditionally certified in this case on June 21, 2017, no opt-in plaintiffs returned opt-in consent forms during the Opt-In Period" and that, "[t]herefore, at this time Plaintiff will proceed only on his individual claim." Dkt. No. 172 at 2.

The question then is whether Ecoquij-Tzep always had an individual FLSA claim or, if not, whether and how this collective action could be timely converted to an individual action. The *Espinosa* court's analysis suggests that Ecoquij-Tzep had an individual claim all along and can pursue it even through he is not a member of the

certified class (to which, unlike in *Espinosa*, no employee opted in). The *Nguyen* court's analysis points the other way. And, unlike the plaintiffs in *Allen* and like the plaintiffs in *Espinosa* and *Nguyen*, Ecoquij-Tzep clearly did pursue a collective action. The *Trevino* court determined that a putative collective action was an individual action after the court declared it to be so in denying the plaintiff's conditional certification motion and therefore – like the *Espinosa* court – applied Section 256(a)'s provision for commencing an individual FLSA action on the date when the complaint is filed.

The Court is persuaded to follow the analyses in *Trevino* and *Espinosa*. As in *Espinosa* and as the Court has already repeatedly concluded in ruling on Defendants' Rule 12(b)(6) motion to dismiss, Ecoquij-Tzep has sufficiently stated his FLSA claims. Had the Court denied conditional certification, as in *Trevino*, his complaint would permit him to proceed on his own behalf – he never suggested that he would not or took any actions inconsistent with his intention to pursue his own claims. His complaints have always pleaded that he brought the FLSA claims on his own behalf and as a putative Section 216(b) collection action – that is, "on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b)." *E.g.*, Dkt. No. 1 at 1; Dkt. No. 84 at 1. While that language tracks Section 216(b)'s statutory language authorizing collective actions, the plaintiffs' complaint in *Allen* "stated that they sought to represent 'other similarly situated Atlantic Richfield employees,'" but the Court did not hold them to having pursued a collective action for purposes of a written consent requirement and the applicable statute of limitations where "the action never evolved into a collective or class action since no unnamed plaintiff ever came forward and filed a written

consent to the suit, asking to be made a party plaintiff. The only parties to the suit were named plaintiffs represented by the lawyer who signed the complaint." 724 F.2d at 1135.

Conversely, by similar logic and as the courts permitted in *Trevino* and *Espinosa*, Ecoquij-Tzep was simultaneously pursuing a collective action and a lesser-included – and entirely consistent – individual action if a collective action did not go forward. Put another way, pursuing both an individual action and a putative collective action is neither logically inconsistent not legally mutually exclusive. Ecoquij-Tzep's failure to timely file a written consent had major implications as to the collective action – he is not a part of the certified class – and as to the running of the statute of limitations as to any claimant as a part of the collective action.

But there now effectively is no collective action, and Ecoquij-Tzep seeks to proceed only on his individual action, which he contends did not require him to plead more than he has. This, the Court determines, he may do, and may do without the need for any separate written consent based on *Allen* or the need for any additional or different allegations in his complaint and without any limitations issues, since he filed his March 4, 2016 complaint well within Section 255(a)'s two-year statute of limitations.

**Conclusion**

The Court DENIES Defendants' Fourth Motion to Dismiss under Rule 12(b)(1)

[Dkt. No. 169].

SO ORDERED.

DATE: April 6, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE