IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PASCUAL ECOQUIJ-TZEP, and all others similarly situated under 29 USC 216(b), | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-625-BN |
| LE ARLINGTON, INC. d/b/a MW HAWAIIAN GRILL also d/b/a MW'S HAWAIIAN GRILL also d/b/a LITTLE TOKYO and f/k/a SHUN FAR EL PASO, INC., GRAND FAST FOOD INC d/b/a FAMOUS CAJUN GRILL and also d/b/a FAMOUS WOK, SHIZHONG ZHANG, YING HUI WANG, and KONG SHEN WANG, | § § § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING LEAVE TO FILE COUNTER-CLAIM AND MOTION FOR DECLARATORY JUDGMENT**

Defendant Grand Fast Food Inc. d/b/a Famous Cajun Grill and also d/b/a Famous Wok ("Grand Fast Food") has filed a Motion for Leave to File Counterclaims under Federal Rule of Civil Procedure 15, seeking leave to file its Counter-Claim For Declaratory Judgment and Relief for Declaratory Judgment and Relief [Dkt. No. 163] under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 (the "Declaratory Judgment Act"). *See* Dkt. No. 163 (the "Motion for Leave").

Plaintiff Pascual Ecoquij-Tzep opposes Grand Fast Food's request for leave, *see* Dkt. 176, and Grand Fast Food has not filed a reply in support of its Motion for Leave,

and its time to do so has passed, *see* Dkt. No. 168.

**Background and Legal Standards**

As the Court previously explained, *see* Dkt. No. 160, Grand Fast Food requires leave of court to file this amended pleading out of time. Here, the deadline for leave to amend expired on May 7, 2017, *see* Dkt. No. 26 at 1, so, to obtain leave to file any amended pleadings, a party must make the required showing under both the Federal Rule of Civil Procedure 16(b)(4) and Rule Rule 15(a)(2) standards.

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). But Federal Rule of Civil Procedure 15(a)(2) provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). And Federal Rule of Civil Procedure 15(a)(3) provides that, "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." FED. R. CIV. P. 15(a)(3). Finally, if a Federal Rule of Civil Procedure 12 motion is filed and the Court denies the motion, "the responsive pleading must be served within 14 days after notice of the court's action." FED. R. CIV. P. 12(a)(4)(A).

The Court denied Grand Fast Food's Amended Third Motion to Dismiss [Dkt.

No. 93] on December 21, 2017. *See* Dkt. No. 137. Rule 15(a)(3) therefore required Defendants Le Arlington, Inc. d/b/a/ MW Hawaiian Grill also d/b/a MW's Hawaiian Grill also d/b/a Little Tokyo and f/k/a Shun Far El Paso, Inc., Grand Fast Food, Shizhong Zhang, Ying Hui Wang, and Kong Shen Wan to file an answer to Ecoquij-Tzep's Third Amended Complaint Under 29 U.S.C. §§ 201- 216 Overtime and Minimum Wage Violations [Dkt. No. 84] by January 4, 2018.

As the Court previously explained, *see* Dkt. No. 160, because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the Court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g* ., *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-870-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by [Federal Rule of Civil Procedure] 15(a)(2), or, if the time to seek leave to amend has expired, by [Federal Rule of Civil Procedure] 16(b)(4) and then by Rule 15(a)(2)."). When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). The Court's scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

To meet the good cause standard, the party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline. *See S&W*,

315 F.3d at 535. The Court assesses four factors when deciding whether to grant an untimely amendment under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

If the movant satisfies these Rule 16(b)(4) requirements, the Court must then determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W*, 315 F.3d at 536. When the party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *see Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to

amend,"*Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

The Court also explained that any counter-claim seeking relief under Rule 57 and the Declaratory Judgment Act raises additional issues that the Court must address if a defendant seeks leave to amend to add such a claim.

The Declaratory Judgment Act states that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Federal courts consequently have broad discretion to grant or refuse declaratory judgment. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). As another judge in this district has explained,

> [t]he federal Declaratory Judgment Act [("DJA")] does not create a substantive cause of action. A declaratory judgment action is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law. ... [In sum, t]he DJA is an authorization, not a command. It gives federal courts the competence to declare rights, but it does not impose a duty to do so.

*Klein v. Fed. Ins. Co.*, Nos. 7:03-cv-102-D & 7:09-cv-94-D, 2014 WL 4476556, at *9 (N.D. Tex. Sept. 11, 2014) (internal quotation marks omitted).

"Although 'the district court's discretion is broad, it is not unfettered.'" *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994) (quoting *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993)). "In analyzing whether to decide or dismiss the declaratory judgment suit, ... a federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 26 (5th Cir. 1989)).

Courts have declined to exercise their discretion to decide declaratory judgment actions where deciding that action would be redundant in light of the affirmative causes of action before the Court. *See St. Paul*, 39 F.3d at 590-91 (considering "whether retaining the lawsuit would serve the purposes of judicial economy" among seven nonexclusive factors to consider when deciding whether to decide or dismiss a declaratory action); *Great Am. Ins. Co. v. Goin*, No. 3:15-cv-75-L, 2017 WL 4238698, at *4 (N.D. Tex. Sept, 25, 2017) ("This court has previously declined in its discretion to adjudicate declaratory judgment actions that are duplicative of other claims in the same case. Further, district courts in this Circuit regularly reject declaratory judgment claims seeking the resolution of issues that are the mirror image of other claims in a lawsuit." (citations omitted)); *Everett Fin., Inc. v. Primary Res. Mort., Inc.*, No. 3:14-cv-1028-D, 2016 WL 7378937, at *18 (N.D. Tex. Dec. 20, 2016) ("This court has often

declined in its discretion to adjudicate declaratory judgment actions that are duplicative of other claims in the same case. It has also declined to do so when the declaratory judgment action is merely the mirror image of another claim." (citations omitted)); *Burlington Ins. Co. v. Ranger Specialized Glass, Inc.*, No. 4:12-cv-1759, 2012 WL 6569774, at *2 (S.D. Tex. Dec. 17, 2012) ("If a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted. Courts in the Fifth Circuit have regularly rejected declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit." (citations omitted)); *see also Centex Homes v. Lexington Ins. Co.*, No. 3:13-cv-719-BN, 2014 WL 1225501, at *14 (N.D. Tex. March 24, 2014) ("Federal Rule of Civil Procedure 12 does permit a court to strike or dismiss a counterclaim on the basis that it is redundant").

A declaratory judgment action is redundant for this reason if resolution of the affirmative claims and counter-claims before the Court would resolve all questions that the declaratory judgment action raises. *See Centex*, 2014 WL 1225501, at *14 (citing *In re ATP Oil & Gas Corp.*, No. 12-36187, 2013 WL 5308862, at *1 (Bankr. S.D. Tex. Sept. 18, 2013); *Redwood Resort Props., LLC v. Homes Co. Ltd.*, No. 3:06-cv-1022-D, 2007 WL 1266060, at *4-*5 (N.D. Tex. April 30, 2007)). In making this determination, "the Court should consider 'potential qualitative differences between merely prevailing in [the] lawsuit, and receiving an affirmative declaration of rights to a declaratory judgment.'" *Centex*, 2014 WL 1225501, at *14 (quoting *Blackmer v. Shadow Creek Ranch Development Co. Ltd. P'ship*, No. H-07-681, 2007 WL 7239968, at *1 (S.D. Tex. June 26, 2007)); *see also Klein*, 2014 WL 4476556, at *9 ("The counts of Federal's counterclaim present defenses or affirmative defenses to the class plaintiffs'

declaratory judgment claim. They do not seek any relief other than a judgment that Federal is not liable on the class plaintiffs' declaratory judgment claim for indemnity. In other words, the counts of Federal's counterclaim are essentially grounds for asserting the mirror image of the class plaintiffs' declaratory judgment action: they are predicates for seeking a declaration that Federal does not have a duty to indemnify the class plaintiffs under the Federal Policy. In *Evanston Insurance*, for example, the court raised *sua sponte* that a counterclaim seeking a declaration that an insurance company had incorrectly denied coverage was the mirror image of the plaintiff's declaratory judgment action, and it declined in its discretion to hear the counterclaim. *Evanston Ins. Co. v. Graves*, No. 3:13-cv-959-D, 2013 WL 4505181, at *1 (N.D. Tex. Aug. 23, 2013). Accordingly, the court in its discretion dismisses the five counts of Federal's counterclaim without prejudice." (footnotes omitted and citation modified)).

## Analysis

Grand Fast Food explains that leave should be granted here for the following reasons:

> In this case Grand Fast Foods seeks judicial determination of the relationship with it has with Pascual as well as other rights of Grand Fast Food. Although the amendment is sought after the scheduling-order deadline, leave to amend should be freely given when there is good cause. In this case Grand Fast Food seeks to avoid further and expensive litigation. Additionally, by allowing Grand Fast Food to amend its pleadings to address issues through a declaratory judgment process also will benefit the Plaintiff, either way, by eliminating costly discovery, and streamlining issues before the Court.
> 
> The Court should allow the filing of Grand Fast Food's amended pleading because it is appropriate and necessary. If Grand Fast Food is ruled by later declaratory judgment that is not a proper party to this lawsuit then both parties will be benefitted for reducing the time and

expenses in litigating the case subsequently. If the Court grants leaves, subsequently ruled in favor of the Plaintiff, then the declaratory ruling only further strengthens the Grand Fast Food is a proper party in the Plaintiff's case. Either way, Plaintiff is not being prejudiced by the Court in granting the leave to file the counterclaim for declaratory judgment.

The Court should allow the filing of Grand Fast Food's amended pleading because Grand Fast Food is not guilty of undue delay because Grand Fast Food has exercised enhance due diligent after retaining the current counsels. Additionally, Grand Fast Food was forced to seek new legal counsel to represent its interest after September 2017 because Grand Fast Food, due to the language barriers, was unable to effectively communicate with the former legal counsel, Mr. Lloyd Ward.

The Court should allow the filing of Grand Fast Food's amended pleading because Pascual will not be prejudiced by any delay that Grand Fast Food's amended pleading may cause, for the reasons stated above.

The Court should allow the filing of Grand Fast Food's amended pleading because the Court will not be substantially burdened by any delay that Grand Fast Food's amended pleading may cause. By Grand Fast Food amending its pleadings to seek declaratory relief, this case will actually be streamlined and may cause the deadline imposes by the Court's previous Scheduling order to be lessened and may generally serve the purposes of judicial economy.

The Court should allow the filing of Grand Fast Food's amended pleading because Grand Fast Food is not guilty of bad faith for reason stated above. Grand fast Food is not seeking to amend its pleadings as part of any dilatory tactic, the amended pleadings seek to address very specific points not previously brought to the Court's attention. Further, as stated above, allowing Grand Fast Food to amend it pleadings may benefit both Plaintiff and Defendant.

The Court should allow the filing of Grand Fast Food's amended pleading because the amendment is not futile for reason stated above.

Grand Fast Food sought new counsels with which it could effectively communicate with after the May 7, 2017 deadline to amend any pleading. Upon retaining new counsel and upon diligent review of the records and evidence, many supplement of the discoveries and now an amendment to the pleadings is necessary at this time.

Further, Grand Fast Food is not seeking declaratory relief to resolve other issues and motions already moved before the Court. Grand Fast Food is seeking to address its own issues through declaratory relief and not part of a collective effort in the summary judgment motion now pending before the Court. Therefore, Grand Fast Food is not seeking the resolution of issues that are the mirror image of other claims in a lawsuit. Indeed, the issues sought by Grand Fast Food's in its counter-claim for

> declaratory judgment has not been previously presented before the Court for resolution. The motion for declaratory judgment differs from the Defendant's Motion for Summary Judgment, DKT No 117, and Brief in Support of Defendants Motion For Summary Judgment, DKT No 118, as the Motion for Summary Judgment do not address Grand Fast Food's individual and specific issues now being raised in its amended pleadings and therefore do not fall within the Court's ruling in *Everett*. Further, the declaratory relief sought by Grand Fast Food in its amended pleading do not lead to the same relief sought by the other Defendants in the pending Motion for Summary Judgment because Grand Fast Food's counterclaim, as amended, would only result in a declaration of rights by itself and without more on the part of Grand Fast Food such as seeking the entire case to be disposed.

Dkt. No. 163 at 4-6 (citations omitted).

The Court DENIES the Motion for Leave [Dkt. No. 163]. As explained above, Grand Fast Food seeks leave to add a counter-claim under Rule 57 and the Declaratory Judgment Action, specifically seeking "a determination regarding the nature of the relationship between Grand Fast Food and Pascual, namely whether Pascual was an employee of Grand Fast Food; whether Grand Fast Food transacts business in the Northern District of Texas or operates numerous restaurants throughout Texas and whether Grand Fast Food is a joint FLSA employer." Dkt. No. 164 at 3; *accord* Dkt. No. 165 at 1-2 (asserting that the controversy warranting declaratory judgment is whether "(i) Pascual is not an employee of Grand Fast Food covered by the Fair Labor Standards Act; (ii) Grand Fast Food and Hawaiian Grill are not joint-employers of Pascual; [and] (iii) Grand Fast Food and Hawaiian Grill are not part of a joint-enterprise pursuant to theFair Labor Standards Act").

Those are all issues raised by Ecoquiz-Tzep's Fair Labor Standards Act claim and are only at issue between Ecoquij-Tzep and Grand Fast Food because he is

bringing that claim against Grand Fast Food. The Court disagrees with Grand Fast Food's analysis that what matters is whether certain of those legal or factual issues are raised in the currently pending Defendants' Rule 56 Motion for Summary Judgment [Dkt. No. 117].

The declarations that Grand Fast Food seeks are duplicative of Ecoquiz-Tzep's Fair Labor Standards Act claim against Grand Fast Food and are merely the mirror image of that claim and what Ecoquij-Tzep must prove to prevail on that claim. Grand Fast Food therefore seeks resolution of matters that will already be resolved as part of Ecoquiz-Tzep's Fair Labor Standards Act claim in this case and is therefore redundant because resolution of the existing claims and defenses before the Court in this case – regardless whether the issues that Grand Fast Food raise are addressed in Defendants' Rule 56 Motion for Summary Judgment [Dkt. No. 117] – will resolve all questions that the proposed declaratory judgment counter-claim raises. There are, in short, no potential qualitative differences between Grand Fast Food's merely prevailing on Ecoquiz-Tzep's Fair Labor Standards Act claim in this case and and receiving an affirmative declaration of rights to a declaratory judgment, because Grand Fast Food, through its proposed counter-claim, does not seek any relief other than a judgment that it is not liable on Ecoquiz-Tzep's Fair Labor Standards Act claim.

**Conclusion**

For the reasons explained above, the Court determines that leave should not be granted under Rules 16(b)(4) and 15(a) because, where the Court would for these reasons exercise its discretion to decline to decide the proposed declaratory judgment

counter-claim, the amendment is not important and granting leave to amend would be futile and would only unnecessarily complicate the proceedings and drive up the parties' costs. The Court therefore DENIES Defendant Grand Fast Food Inc.'s Motion for Leave To File Counterclaims [Dkt. No. 163] and also DENIES Defendant Grand Fast Food, Inc.'s Rule 57 and 28 U.S.C.§§ 2201-2202 Second Expedited Motion for Declaratory Judgment [Dkt. No. 165] because leave to amend to add the underlying counter-claim is denied and, as another court in this circuit has explained, "a party may not make a motion for declaratory relief, but rather, the party must bring an action for a declaratory judgment," and "[t]he only way [a motion for declaratory relief] can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment." *Matrix Partners VIII, LLP v. Natural Resource Recovery, Inc.*, No. 1:08-cv-547-TH, 2009 WL 10677790, at *1 (E.D. Tex. May 22, 2009) (internal quotation marks omitted).

SO ORDERED.

DATED: April 10, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE